### WEBB *v.* WIGHT & WESLOSKY COMPANY.

1. A ground in a motion for new trial which complains of the refusal of the judge to rule out evidence, but which does not set out the evidence literally or in substance, nor state what objections were raised thereto, will not be considered by this court.

2. The charge of the court of which complaint is made was not, when taken in connection with the entire charge, erroneous.

3. There was no error in refusing to charge as requested. The ground setting up newly discovered evidence was fully met by the counter-showing made by the respondent. The evidence was sufficient to warrant the verdict.

Submitted December 3, — Decided December 19, 1900.

Complaint. Before Judge Littlejohn. Dooly superior court. September term, 1899.

*Thomson & Whipple,* for plaintiff in error.    *J. T. Hill,* contra.

SIMMONS, C. J.    Wight & Weslosky Company, a mercantile corporation, sued Holloman & Webb, a partnership, upon an open account.    The defendants pleaded that the account had been paid, and, further, that the partnership had been dissolved and all the liabilities of the firm, including the account sued on, assumed by Holloman, and that Wight & Weslosky Co. had expressly agreed to release Webb and look solely to Holloman for payment of the account.    Upon the trial of the case there was some evidence introduced which tended to show that, after the dissolution of the partnership, an agent of the plaintiff corporation had agreed to look to Holloman alone for payment of the account, and to release Webb from all liability thereon.    There was also some evidence tending to show that, after the dissolution, Holloman had instructed this agent to apply to the account of Holloman & Webb the proceeds of certain checks given to the corporation by Holloman, and that this had not been done; that these payments were sufficient, had they been applied to this account and not to Holloman's individual account, to have fully paid it. The agent referred to was introduced by the plaintiff, and in his testimony he denied releasing Webb and agreeing to look to Holloman for the payment of the account. He also denied that Holloman had given instructions to apply the payments made to the partnership account, and testified that he was expressly instructed to apply to Holloman's individual account all those payments which had been so applied.    The jury found for

the plaintiff. Webb moved for a new trial. The motion was over-ruled by the court, and Webb excepted.

1. One ground of the motion for new trial was that the court erred in refusing "to rule out the evidence of P. H. Willis [the agent above referred to], a witness sworn for the plaintiff, as to the correctness of the account sued on," and "as to the admission made by J. S. Holloman after the dissolution of the partnership of Hollo-man & Webb." This ground, it will be observed, does not set forth, either literally or in substance, the evidence which the defendants desired to have ruled out. This court is left to look through the brief of evidence to ascertain for itself what the evidence objected to was. This we have repeatedly decided we will not do. *Lucas v. State*, 110 *Ga.* 756; *Petty* v. *Railroad Co.*, 109 *Ga.* 666, and cases cited. Further than this, the ground is fatally defective in that it does not disclose upon what ground the court was asked to rule out the evidence of Willis. A motion to rule out evidence is upon the same principle as an objection to its admission when offered, and this court has many times ruled that the ground of the motion for new trial, complaining of the admission of evidence, must show what objection was urged at the time the evidence was offered.

2. Another ground of the motion for new trial complains that the trial judge charged the jury as follows: "If after going through this testimony you should believe that the plaintiff in this case did not release L. H. Webb from the debt, then I charge you that it would be entitled to recover against both of the parties." This is complained of, because it excluded from the consideration of the jury the other contention of the movant, that the account had been fully paid. As above stated, two defenses were set up in this case. The charge, therefore, taken by itself, seems to be er-roneous and hurtful. Given in charge without explanation it would have restricted the jury to the issue as to whether Webb had been released, and cut him off entirely from his claim that the account had been paid off. But the entire charge of the court is in the rec-ord, and we find that it fully covers both issues. It instructed the jury that if Holloman had directed the payments made to be ap-plied to this particular debt, Webb could not be held for any part of such debt which had been thus paid off. It also instructed the jury fully and fairly as to the question of Webb's release from the

obligation.    After the charge complained of were added the words, "if you should believe that he was not released and that these payments made by J. S. Holloman were not directed to be applied to the debt due by Holloman & Webb, and the plaintiff credited the amount paid to the debt due by J. S. Holloman alone." Taking the charge complained of in connection with the entire charge, and especially with its immediate context, we think that it was not erroneous:

3. Complaint is also made of the refusal of the judge to give in charge a certain written request, which was to the effect that if the plaintiff, through its agents, had done anything to induce Webb to believe that he had been released from the indebtedness, and he had so acted, the jury should find for Webb. The court did not err in refusing to so charge.    In the first place, there was no evidence to authorize such a charge.    The only evidence tending in that direction was that to the effect that the plaintiff had failed to demand payment of. the partnership account of Webb personally.    This was not sufficient, in connection with the assumption by Holloman, as between him and Webb, of the partnership liabilities, to induce Webb to believe that he had been released.    And even if it had been, the request would have been faulty in that it had not incorporated in it the principle that, before an estoppel could arise, Webb must not only have acted on his belief but must have so acted *to his injury.*    Further than this, the charge of the court, as given, fully and fairly covered the portion of the case to which this request related.

A new trial was also asked on the ground of newly discovered evidence.    The showing in support of this ground was fully met by the counter-showing of the respondent.    The newly discovered evidence tended to prove certain admissions by the agent of the plaintiff.    In his counter-affidavit he emphatically denied ever having made any such admissions.    Thus the. trial judge had before him conflicting evidence.    He did not see proper to grant a new trial, and we can not say that he abused the discretion which the law vests in him in regard to this matter.

The motion for a new trial further complained that the verdict of the jury was contrary to law and the evidence, and without evidence to support it    There was sufficient evidence to authorize the

verdict rendered, and the trial judge did not abuse his discretion in refusing to grant a new trial upon these grounds.

*Judgment affirmed. All concurring, except Fish J., absent.*