SOUTHERN MUTUAL INSURANCE CO. *v.* HUDSON *et al.*

1. Where the question under examination is one of *opinion*, any witness may testify as to his opinion, giving his reasons therefor ; but a question seeking to elicit an opinion should not be so framed as to require the witness to review the testimony given by other witnesses in the case. Permitting him to base an answer upon such a review would, to all intents and purposes, put him in the place of the jury.

2. In a suit to recover on a policy of fire-insurance the following charge is error: " A party, while he has the right to change the condition of his property temporarily, has no right to make that change except in a manner in which a prudent, cautious man would make it ; and therefore, if he did change it, and changed it in such a way as to manifest carelessness, negligence, gross negligence, such as a prudent man would not do, then it would bar his right to recover.''

3. It is error to instruct the jury, that if there is a conflict in the evidence of the witnesses who testified in a case, and the jury can not reconcile that evidence, they should believe that witness, or those witnesses, who have the best opportunity of knowing the facts about which they testify, and the least inducement to swear falsely. The credibility of witnesses, and the weight to be given to the evidence of each in a case, is a matter left solely to the jury, and must be determined by them.

Submitted March 2, — Decided May 25, 1901.

Action on insurance policy. Before Judge Estes. Hall superior court. May 2, 1900.

*Erwin & Erwin, S. C. Dunlap,* and *H. H. Dean,* for plaintiff in error. *W. R. Hammond,* contra.

LITTLE, J. The defendants in error instituted an action against plaintiff in error to recover on a contract made by the insurance

company with the estate of Mrs. Hudson, whose beneficiaries the plaintiffs in the suit claimed they were. They alleged that they were entitled to recover $1,200 under said contract, because the property insured was consumed by fire during the existence of the contract, and that payment had been demanded and refused. Defendant admitted that it had made the contract, and that the property was consumed by fire within the term stipulated in the policy, but denied its liability; and offered as a defense to the action, that the person in charge of the premises insured (a house and furniture) permitted to be placed thereon, and near the house, a portable steam-engine, which being fired up was used as the power to thresh grain on the premises; that during the process of threshing, the straw, which was separated from the grain, was deposited in immediate proximity to the house, and sparks of fire from the engine while thus being used were suffered to escape, and the straw, which became ignited thereby, communicated fire to the house; that the introduction of the engine on the premises changed the condition as to exposure, and greatly increased the risk taken and insured against; that this was done without notice to or permission from the defendant, and without any new agreement; that by such action the terms of the policy were violated, and the defendant discharged from all liability on its contract; that this conduct amounted to gross negligence, and in consequence the company was discharged from all liability. This is the second appearance of this case in this court. The points decided, and the opinion which was rendered heretofore, are reported in 107 *Ga.* 297, the style of case there being *Adair* v. *Southern Mutual Insurance Co.* All the material facts in that case are set out by Mr. Justice Lewis, who delivered the opinion of this court therein. It is claimed that additional facts are shown in the present record, and perhaps there are. But, inasmuch as the case is not decided upon the facts, we deem it useless to accompany this opinion with a statement of the facts found in the present record. Reference to the case of *Adair* v. *Insurance Co.*, supra, will afford sufficient information as to the facts of the case to make plain the rulings now made. The jury returned a verdict in favor of the plaintiffs. The defendant made a motion for a new trial, which being overruled, it excepted.

We purposely omit any ruling on the ground that the verdict was contrary to the evidence, because, in our opinion, the ruling in

the case, heretofore made, declares that the facts in the case as then presented, and which are here now, raised a question of fact for determination by the jury. As the case goes back for a new trial, we leave the facts to be again passed on by a jury. Before referring to the other grounds in the motion, it will be proper to restate what was decided in the former case, as, of course, the principles of law then ruled are now applicable. The existence of the following facts was not seriously questioned in that case: A movable engine was placed near the dwelling-house by permission of the person in charge of the premises, for the purpose of threshing a quantity of wheat, and as the straw gathered near the separator some of it fell within a few feet of the dwelling; this work was to be temporary; it was commenced in calm weather; the wind suddenly changed, and fire from the engine was communicated to the straw, which in turn communicated it to the dwelling. The defendant company contended that the act of locating the engine and putting it in operation near the house, and allowing such an inflammable substance as straw to accumulate near the house, was a change in the use of the building, and such an increase of risk as voided the policy which had been issued. On that point the court ruled that the clause in the policy, that any change in use or condition of the building, which increased the risk, unless notice was given to the company and a new agreement entered into, applied to such changes as were of a permanent nature, and not mere temporary changes in the use and occupation of the premises, and that, therefore, a temporary use of a machine for threshing grain for a few hours on the premises where the insured property was located would not, of itself, work either a forfeiture or a suspension of such policy. This court further ruled, however, that if the insured or one to whom the entire custody of the property had been committed, should, by doing any act which one in the exercise of ordinary care and diligence would not under like circumstances do, so change the use and occupancy of the premises as to materially increase the hazard of insurance, the company would not be liable for a loss directly resulting as a consequence of such increase in the risk, and that the record contained sufficient evidence to require a submission to the jury of the issue of fact as to whether or not there had been such negligent use of the property in question as to materially increase the risk of insurance. In the light of

these rulings we now proceed to consider the other grounds found in the motion.

1. We think that the evidence of the adjuster of the company, to the effect that the risk covered by the policy was a dwelling risk — an ordinary risk, and that if it had been a greater risk a greater premium must have been demanded, was properly admitted, not for the purpose of showing the character of the risk, because that was determined by the policy, but to show the fact that, if the risk had been greater than that incident to a dwelling, a greater premium would have been demanded; and while we are not prepared to say that this evidence was in any particular material, in view of the rulings heretofore made in the case, we do think that the trial judge should have omitted, in ruling on the evidence, the expression that it was admissible in one view of the case, as to whether the risk was temporary or permanent. If the evidence was admissible at all, it was entitled to be submitted to the jury in any event; and it was the province of the judge thereafter to have instructed the jury as to the rule of law applicable to the change of risk, if any was made. The remark was not, in our opinion, of sufficient importance to work a reversal. We are also of opinion that the trial judge did not err in ruling out the further evidence of the adjuster, that the company "would not have permitted that use of the property, would not have received higher rate, but would have cancelled the policy." The contract settled the rights of the respective parties by its terms, and what the company would or would not have permitted, and whether it would or would not have cancelled the policy of insurance had it known that the engine and other machinery were to be located on the premises, could not affect such rights. The policy spoke the agreement of the parties, whose rights would be determined by its terms as legally interpreted, and not by the interpretation which the company alone placed upon it. However, as we do not base our decision on these grounds, no further reference will be made to the objections.

The seventh ground of the motion is predicated on the fact that the trial judge refused to admit testimony that putting several loads of wheat-straw in the back yard of the premises on which the house which was burned was located, and the engine within fifty feet of the straw, with no spark-arrester, a four or five horse-power engine, wood-burner, and to begin threshing that close to the house, would

increase the risk. Substantially the same objection was made, in the tenth ground of the motion, to the refusal of the court to admit the evidence of this witness as to the same matter. The error assigned in the 7th ground as above set forth can not be considered by this court, because it is therein further stated that the defendant now insists that if the witness had been allowed to answer the question he would have replied that the risk of fire would have been increased under the circumstances stated, but no statement of what the witness's answer would have been was made on the trial. Under repeated rulings of this court the ground can not be considered, because the material inquiry is, did the court err in excluding the answer to that question from the jury? And there having been no statement made on the trial as to what his answer would have been, the judge, of course, did not pass on the materiality of the proposed testimony; and because he did not, we can not overrule him. It is not a good reply to say that the question was excluded because it was hypothetical and not addressed to an expert, and not because the judge did not know what answer the witness would make to the question. This may have been the reason he thought it inadmissible; but in passing on its legality he was entitled at least to have known in substance what the answer to the question would have been. The question propounded to this witness in the tenth ground is as follows: "Do you not consider that placing the engine and thresher on plaintiff's lot so near the house, and threshing the wheat so near the house, and having no spark-arrester on the engine, and piling up the straw so near the house — all as detailed by the witnesses on the stand in your presence in this case — increased the hazard of insurance and enhanced the danger from fire of plaintiff's dwelling-house?" In connection with this question, counsel stated to the court that they expected to prove by this witness that, in his opinion, each of the above acts did increase the hazard of insurance and enhance the danger from fire to the house of the plaintiff; and further stated that the witness would give the reasons for his opinion. The trial judge, we think, properly ruled, in excluding an answer to this question. It will be noted that a hypothetical case is not stated, but that the witness was asked to give his opinion whether or not, under the evidence of the witnesses who had testified as to the character of the engine and its location, and the nearness of it and the thresher to the house, and to the fact

of the straw being piled up near the house, — the hazard of insurance was increased, and whether or not, under the same evidence, the danger from fire to the plaintiff's dwelling was enhanced. ·

In the case of *Flanagan* v. *State*, 106 *Ga.* 109, it was ruled that while it is improper to ask an expert what is his opinion upon the case on trial, he may be asked his opinion upon the same case hypothetically stated. Chief Justice Simmons, who delivered the opinion in that case, approvingly quoted from Rogers on Expert Testimony, § 26, the following rule: " A question should not be so framed as to permit the witness to roam through the evidence for himself, and gather the facts as he may consider them to be proved, and then state his conclusions concerning them." The following question: "From the facts and circumstances stated by previous witnesses, and from those testified to by still other witnesses, relating to the homicide, and from defendant's conduct on the trial, is it your opinion that defendant was sane or insane when he committed the act?" was passed on in the case of State *v.* Felter, 25 Iowa, 67, and the Supreme Court of that State said, in relation thereto, that it practically puts the medical witness in the place of the jury. The rule is further stated in Rogers on Expert Testimony, as follows: " Questions should be so framed as not to call on the witness for a critical review of the testimony given by the other witnesses, compelling the expert to draw inferences or conclusions of fact from the testimony, or to pass on the credibility of the witnesses, the general rule being that an expert should not be asked a question in such a manner as to cover the very question submitted to the jury." It is true in these cases the witnesses referred to were expert witnesses, but our Civil Code, § 5285, declares that where the question under examination and to be decided by the jury is one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor. Hence the opinion of a non-expert witness may be admitted where the question is one of opinion, when he gives his reasons therefor, on precisely the same principle as that which allows the opinion of an expert to be admitted without his reasons; and rulings in relation to questions propounded to the one are applicable to the other.

2. Another ground of the motion alleges that the court erred in charging the jury as follows: " That a party, while he has the right to change the condition of his property temporarily, has no right to

make that change, except in a manner in which a prudent, cautious man would make it; and therefore if he did change it, and change it in such a way as manifests carelessness, negligence, gross negligence, such as a prudent man would not do, then it would bar his right to recover." This charge was error. The rule laid down in the former decision of this case, as a proper one under the same facts, was substantially this: If the insured, or one to whom he has entrusted the custody of the property, should, by doing any act or acts which one in the exercise of ordinary care and diligence would not have done under like circumstances, so change the use and occupancy of the premises as to materially increase the hazard of the insurance, the company would not be liable for a loss directly resulting as a consequence of such increase in risk. The issue for the jury to determine was whether or not there had been such negligent use of the property in question as to materially increase the risk of insurance, and to cause the damage complained of. The charge of the trial judge is to the effect that if the insured, or the person having charge of the property, did change it in such a way as manifests carelessness, negligence, gross negligence, such as a prudent man would not do, then the right to recover would be barred. Gross negligence is defined by our Civil Code, § 2900, to be "that want of care which every man of common sense, how inattentive soever he may be, takes of his own property." Hence it can be readily perceived that the trial judge, by the use of the term "gross negligence," stated the rule differently from that laid down to govern the rights of the parties in this case; and while that part of the charge which precedes that just referred to is certainly unobjectionable, the clause of the charge which refers to gross negligence is not rendered harmless by that which precedes it.

3. It is further complained that the trial judge erred in instructing the jury that "if there was a conflict between the witnesses in what they have sworn before you, it is your duty to reconcile that conflict if you can do so; but if you can not do so, then you should believe that witness or those witnesses who have the best opportunity of knowing the facts about which they testify and the least inducement to swear falsely." That this charge is error is, in principle, decided in the case of *Hudson* v. *Best*, 104 *Ga.* 131.

*Judgment reversed. All the Justices concurring, except Cobb, J., who was disqualified.*