FREEMAN & TURNER NEWS CO. *v.* MENCKEN & BRO.

1. A ground of a motion for a new trial complaining of the admission of evidence will not be considered by the Supreme Court unless the evidence objected to is set forth, either literally or in substance, in the motion itself or in an exhibit thereto.

2. In assigning error upon the refusal of a trial judge to allow a witness to answer a specified question propounded to him, it must be made to affirmatively appear, not only what was the testimony sought to be elicited from the witness, but that the party calling him fully informed the court as to the purpose of such question and the nature of the anticipated answer to the same.

3. For no reason assigned were the charges excepted to erroneous ; so far as appears, the court did not err in the refusing to instruct the jury as requested ; and the verdict returned by them was not, as claimed, without evidence to support it.

Submitted May 1, — Decided July 22, 1902.

   Appeal.    Before Judge Felton.    Bibb superior court.    December 2, 1901.

   *A. L. Dasher*, for plaintiff in error.    *Lane & Park*, contra.

   LUMPKIN, P. J.    This case originated in a justice's court, the same being an action upon an open account instituted by Aug. Mencken & Bro. against the Freeman & Turner News Co., a partnership, and the members thereof, to recover a balance alleged to be due upon a bill for cigars sold to that firm.    The defense interposed to this suit was that the defendants had " been endamaged by the said Aug. Mencken & Bro. in the sum of eighty-six dollars and thirty-one cents ($86.31), for that the said Aug. Mencken & Bro. shipped to defendants certain tobacco and cigars in which there were tobacco worms; that these worms were scattered throughout

defendants' stock of tobaccos and cigars, and rendered certain parts of said stock absolutely worthless;" and that "the defects in said tobacco and cigars at the time of the purchase [were] not patent, and by no possible means could they have discovered such defects." Upon the trial of an appeal to the superior court the jury returned a verdict in favor of the plaintiffs. The defendants made a motion for a new trial; and we are called upon to pass on the merits of the various grounds upon which it was based, for the reason that it was overruled by the court below and the defendants are here complaining that this action on its part was attended with error.

1. The question of practice dealt with in the first headnote has heretofore been definitely settled by this court. See *Petty* v. *Railway Co.*, 109 *Ga.* 666, following previous decisions; *Webb* v. *Wight*, 112 *Ga.* 432; *Willingham* v. *Sterling Cycle Works*, 113 *Ga.* 953; *Waldrop* v. *Wolff*, 114 *Ga.* 610, and cases cited.

2. In support of the ruling announced in the second headnote, it is only necessary to cite the recent case of *Bigby* v. *Warnock*, 115 *Ga.* 393.

3. In one of the grounds of the motion for a new trial complaint is made that the court instructed the jury that: " If the defendants show that there were worms in the cigars at the time they were sold to them by the plaintiffs, and that these facts were unknown to defendants, and that these worms were afterwards communicated to the defendants' stock of tobacco and cigars, and defendants suffered damages thereby, then " they would be entitled to such damages as they " sustained by reason of the worms communicated to the stock of the defendants." This charge was precisely adjusted to the facts alleged in their written defense. Nevertheless error is assigned thereon, because (1) " there was no evidence going to show that the bugs were in the cigars at the time of sale;" and (2) "defendants insisted that at the time of the sale, not the worm, but the worm-producing egg or germ, was in the cigars and invisible to any ordinary inspection." That the defendants may not, as they appear to confess, have established their defense as laid, but relied upon a state of facts not set up in their pleadings, can not properly be regarded as warranting the conclusion that the charge excepted to affords them any just cause of complaint. *Hill* v. *Callahan*, 82 *Ga.* 109, 112–113. See also, in this connection, *Hill* v. *Ludden*, 113 *Ga.*

320, 324, wherein this court held, it is not incumbent on a trial judge, even though a special written request be preferred, "to give an instruction from which the defendant would get the benefit of a defense not made in his answer."

Upon this branch of the case, the court further instructed the jury as follows: "If defendants purchased these cigars, and they were sound and free from fault at the time [they] purchased them, and after they purchased them worms developed in them, and the development of the worms in the cigars was one of the risks incident to the tobacco trade, and the defendants suffered damages in consequence of the worms coming into the tobacco, the loss on that account would fall on defendants in the case; just as if a person should buy eggs, potatoes, or apples that were sound at the time they were purchased, and rot or disease should subsequently develop in them, the loss should fall on the purchaser rather than the seller."   Complaint is made of this charge, on the ground that the court thereby "injected into the case an issue upon which there was no testimony," it not having been shown "by plaintiff that tobacco worms and bugs were natural to tobacco, as rot and decay of cabbage, apple, and potato or tomato."   Our reply to this contention is that a witness introduced in behalf of the plaintiff testified as follows: "I am a tobacconist, and have been familiar with the cigar and tobacco business for twenty years.   There are two kinds of worms or bugs which get into tobacco.   One is a little gray bug or worm, and the other is brown.   These worms or bugs are very often found in tobacco, especially in hot weather.   During May or June tobacco usually goes through what we call a sweating period, and fermentation sets in and the bugs are then hatched out.   I don't know whether the bugs cause the fermentation or the fermentation causes the bugs.   Such bugs or worms are likely to appear in any tobacco, and I do not consider their appearance any evidence of anything improper in the manufacture of tobacco.   The worms or bugs are likely to get into tobacco at any stage, and of course it would be possible for them to get into the tobacco before it was made. . . We have trouble with worms or bugs almost every season; and, as I understand it, they are likely to come particularly in warm, damp atmospheres."

In another ground of the motion for a new trial exception is taken to the refusal of the judge to give in charge to the jury a

written request on the subject of the measure of damages to which the defendants would be entitled if they established their alleged right to recover. In approving this ground, his honor below certified that in his general charge he did, as he thought, clearly instruct the jury fully upon this subject. This being so, and the charge of the court not being before us, not having been specified as a material part of the record to be transmitted to this court, we must assume that the request to charge was sufficiently covered by other instructions given to the jury as to the matter to which it related. *Mickleberry* v. *O'Neal*, 98 *Ga.* 43.

As to the general grounds of the motion, it need only be said that a careful perusal of the brief of the evidence satisfies us that the verdict of the jury was not, as claimed by the plaintiffs in error, unauthorized under any view of the testimony adduced at the trial.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*