HUNT *et al. v.* THE STATE.

The evidence introduced by the State fully warranted a conviction of the accused for the offense of riot; and, so far as appears, the court did not err in refusing to grant them a new trial.

Argued November 17,—Decided December 9, 1902.

Indictment for riot. Before Judge Janes. Haralson superior court. October 15, 1902.

*Griffith & Weatherly* and *Craven & Hutcheson*, for plaintiffs in error.

*W. T. Roberts*, solicitor-general, and *Edwards & Ault*, contra.

SIMMONS, C. J. The plaintiffs in error were brought to trial for and convicted of the offense of riot, under an indictment charging that, on a day specified, they "with force and arms did in a violent and tumultuous manner curse, abuse, and drive away from the home of W. M. Jones, J. H. West and Henry Jones, contrary to the laws of" this State, etc. A motion for a new trial was made by the accused, but proved unproductive, and they seek at our hands a decision as to its merits. The case made out by the State was, in brief, substantially as follows: On the day named in the indictment, W. M. Jones was in the possession of a house he had rented from West, who was the agent of another claiming title to the farm upon which this house was located. Two of the plaintiffs in error appear to have been under the impression that they were the true owners of the premises, while another of them asserted a claim based on the doctrine of emblements. He had a son who, apparently, was devoted to his cause. The four appeared on the scene prior to the breakfast hour of W. M. Jones. Two of them were armed with guns, but in a conciliatory spirit approached West and Henry Jones, who were present and also armed, and "proposed to settle this matter without using guns." This proposition was accepted, and the guns were "stacked" with a view to talking the matter over. The conference terminated in a fight with-

out weapons between West and one of the accused, and after an indecisive struggle the latter took his departure and was followed by the other members of his party, while West went into the house. The accused almost immediately returned, however, each armed with a gun, and commenced firing, at the same time uttering threats and curses, and ordering the inmates of the house to at once leave the premises. West and Henry Jones, against whom this mandate was specially directed, then retired in good order. W. M. Jones and his family were then driven away also. He had, the night previous, agreed to move off the place, and had asked one of the accused to secure him another house. He was compelled, against his will, to move that day. No testimony was offered in behalf of the accused, though each made a statement to the jury in which he gave his version of what occurred.

Under the evidence relied on by the State, it can not be seriously insisted that the verdict of guilty was unwarranted; so we will pass to a consideration of the special grounds of the motion for a new trial. The court declined to admit evidence offered for the purpose of showing the title under which two of the accused laid claim to the premises over the possession of which the disturbance to the peace of the State arose. Obviously this evidence was wholly irrelevant; for however good a title they may have had to the premises, this would not justify them in proceeding in a riotous and tumultuous manner to take possession of the same. Another complaint is that the court refused "to allow defendants to prove by W. M. Jones that he was getting his things out of his house when defendants got there that morning." If such was the case, the disturbance created by them was all the more inexcusable. Peaceable preparations for the moving of household effects are not to be regarded as a signal for, or as justifying, a riot. Again, it is insisted that the court erred in not permitting counsel for the accused to ask W. M. Jones the question: "You made arrangements with him [one of the accused] to carry your things?" We can not undertake to say that this ruling operated to the prejudice of the accused, since what answer was expected of the witness is not made to appear. *Freeman* v. *Mencken*, 115 *Ga.* 1017. Nor are we prepared to hold that injury resulted from refusing to allow one of the accused to make a statement of "all that took place during the time the offense was alleged to have been committed, and

by confining him to a statement of just what he did." What he desired, but was not allowed, to state to the jury should have been fully set forth in the motion for a new trial, in order that we might be enabled to pass intelligently upon the question whether or not the trial judge abused his discretion in the premises.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*