## GRIFFIN *v.* HENDERSON.

1. Where no evidence has been introduced to sustain a particular plea, the judge should not charge the jury with reference to such defense.
2. In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear that a pertinent question was asked, and that the court ruled out the answer ; and that a statement was made to the court at the time, showing what the answer would be ; and that such testimony was material, and would have benefited the complaining party.
3. An exception to the foregoing rule may in some cases be made as to answers excluded on cross-examination, where the opposite party is entitled to sift and test the witness, or may not know what the answer would be.
4. There was no complaint of the charge of the court ; and the evidence, while conflicting, was amply sufficient to sustain the verdict.

Argued January 28, — Decided March 13, 1903.

Probate of will — appeal. Before Judge Candler. Newton superior court. April 12, 1902.

Henderson, as executor, offered a paper for probate as the will of Mrs. A. C. Brown. A caveat was filed by her daughter, Mrs. Lula D. Griffin. On the trial there was a verdict in favor of the propounder. A motion by Mrs. Griffin for a new trial was overruled, and she excepted. The grounds of the motion are stated in the following opinion.

*Brown & Randolph, L. L. Middlebrook,* and *J. F. Rogers,* for plaintiff in error. *J. M. Pace* and *Foster & Butler,* contra.

LAMAR, J. The caveatrix, among other grounds, objected to the probate of her mother's will, for the reason that the testatrix had made the will under a mistake of fact as to the conduct of the daughter, who was her sole heir at law. Civil Code, § 3262. No demurrer or exception was filed to this ground of the caveat. One

of the grounds of alleged error was that the court refused to permit the caveatrix to testify as a witness to any communications made to her by her mother, or conversations between them. "The court so ruling, no questions were propounded to the witness (caveatrix), who would have testified that Mrs. A. C. Brown treated her entirely different after her marriage to her husband, Mr. C. M. Griffin, than she had done prior to the marriage," and to other facts which relate to the question of a mistake of fact. Error is further assigned upon the failure of the judge to charge the jury on the effect of a mistake of fact. But, as no evidence was introduced on that subject, we think that the court was correct in failing to say anything to the jury relating to what was then a mere matter of pleading. It was wholly immaterial what was in the caveat, if there was no evidence to sustain the contention. It is expressly stated that no questions were propounded to the witness; and while the motion says what she would have testified, it does not appear that the court was informed thereof at the time he excluded her; and therefore we are not permitted to consider this assignment of error. No matter how competent a witness might be, a court will not grant a new trial merely because he was not allowed to testify. It must appear that the excluded testimony was material; and the almost universal rule of practice is that what that material testimony was must be expressly called to the attention of the trial court at the time of its exclusion. *Bigby* v. *Warnock*, 115 *Ga.* 386 (4); *Southern Mutual Ins. Co.* v. *Hudson*, 113 *Ga.* 438; *Freeman* v. *Mencken*, 115 *Ga.* 1018. In a few instances there may be an exception — as in cross-examinations, where the examining counsel may not know what the answer will be, or is exercising a right to test the witness; but ordinarily the exclusion of oral testimony can be made available as error only by asking some pertinent question, and, if an objection is sustained, informing the court at the time what the answer will be, so that he can then determine whether the fact is or is not material. It will not do to state thereafter what the witness would have answered. The error, if any, must have been committed on the trial; and the ruling must have been made, not on a question only, but in the light of the facts about which the witness would have testified.

Where a question is asked, the answer excluded, and no statement made to the judge as to what the witness would have sworn,

there is nothing before the court. It is impossible for the judge on the motion for a new trial, or for this court on a bill of exceptions, to say whether the complaining party would have been benefited or injured by the answer. The witness may not have known anything of the subject inquired about; and if a new trial should be granted because the answer was excluded, it might happen that on the second trial the question would be again propounded, allowed, and the witness give hearsay, inadmissible, or irrelevant testimony, or the answer might be harmful instead of helpful, or the witness might reply, "I do not know," with the result that the time and money of the parties and the country had been wasted for so inconsequent a conclusion. That this is not unlikely to occur is shown by the experience of all practicing lawyers, who have often seen a long and heated argument, as to the right to ask a question, followed by the laughter of all bystanders when the court held it competent, and the witness replied that he knew nothing about the matter. Parties can often agree in the presence of the court as to what the witness would testify, or, if not, the witness, or examining attorney, can state what the answer would be; and where the subject-matter is important, the judge may, in his discretion, retire the jury until its admissibility has been settled. We are well aware that the rule may be perverted into a means of getting inadmissible evidence before the jury, or, by forcing their constant withdrawal, retarding the trial. The courts must rely upon the good faith of counsel not to bring about such a result. But it would never do to grant a new trial until it appeared, not only that the question was proper but that the answer was material and would have been of benefit to the complaining party. Where a witness is not allowed to answer a question, he is, as to that particular matter, as though he were absent; and the rule requiring a showing as to what an absent witness would testify, and the materiality of his testimony, stands on the same principle as a showing required in rulings when the court will not admit evidence. See Civil Code, § 5129; *Thompson* v. *State*, 55 *Ga.* 47. While the rule as to assigning error on the exclusion of testimony is not without its exceptions, the practice in other jurisdictions is substantially that in this State. Railroad *v.* Stonecipher, 95 Tenn. 311; Omaha Ins. Co. *v.* Berg, 44 Neb. 522 (3); and see many cases cited in 2 Cyc. L. & P. 697.

The argument here was confined to the failure to charge on the subject of a mistake of fact, and the refusal of the court to allow the caveatrix to testify. There were the usual grounds in the motion that the verdict was contrary to law and contrary to the evidence; but even if the verdict was not absolutely demanded, it was amply sustained. The judgment of the lower court refusing a new trial is

*Affirmed. By four Justices. Candler J., disqualified.*