## LINDER *v.* SNOW *et al.*

1. If a surety pays off a judgment against his principal with the money of the principal, he has no right to control the execution for the purpose of ˙obtaining contribution from his cosureties.
2. The evidence, though conflicting, was sufficient to authorize the verdict, and there was no error requiring the granting of a new trial.

Argued October 31, — Decided November 16, 1903.

Affidavit of illegality.    Before Judge Evans.    Hart superior court.    August 4, 1903.

*W. L. Hodges* and *A. G. & Julian B. McCurry*, for plaintiff.
*J. H. Skelton* and *J. N. Worley*, for defendants.

COBB, J.    The Hartwell Bank recovered a judgment against John C. Linder, as principal, and T. J. Linder, John Snow,· and two others, as sureties.    T. J. Linder, having paid off the execution, caused it to be levied upon the property of Snow, who interposed an affidavit of illegality.    At the trial the jury returned a verdict sustaining the illegality, and T. J. Linder complains that the court erred in refusing to grant him a new trial.    It appears from the evidence that the parties were at issue as to one point only, and that was whether the money used by T. J. Linder in paying off the execution was the money of John C. Linder, the principal, or was his own.    On this issue the evidence was conflicting, there being evidence from which the jury could find that T. J. Linder had admitted that the execution was paid off by him with money realized from the sale of the property of John C. Linder, the principal.    Such being the case, we will not interfere with the discretion of the trial judge in overruling the general grounds of the motion.    See *Burk* v. *Hill*, 119 *Ga.* 38.

Complaint is made in the amended motion that the court erred in refusing to allow different witnesses to answer questions which are set forth.    It does not, however, appear in any of the grounds what answer was expected to the question.    It is settled now that under such circumstances the grounds of the motion can not be considered.    See *Freeman* v. *Mencken*, 115 *Ga.* 1017 ; *Hunt* v. *State*, 116 *Ga.* 616.    One ground of the motion complains of the refusal of the court to rule out certain testimony, and another

ground assigns error upon the ruling out of testimony therein set forth. Even if any error was committed in respect of the matters complained of in these two grounds, it was not of such a character as to require the granting of a new trial.

*Judgment affirmed. All the Justices concur.*