## BRAGG ET AL. *v.* EAGAN.

[No. 7,365.   Filed June 7, 1912.   Rehearing denied December 10, 1912.]

1. FRAUD.—*Action Against Real Estate Agent.—Nature of Action. —Complaint.—Sufficiency.*—A complaint against real estate agents, employed by plaintiff, on commission, to effect an exchange of real estate, for fraudulently preventing the consummation of the exchange on terms favorable to plaintiff, and inducing plaintiff to sell the land for cash to a third person for less than could have been obtained in the proposed trade, is not insufficient for failure to allege that the contract for the payment of the commission was in writing as required by §7463 Burns 1908, Acts 1901 p. 104, since the action, being based on the fraud of defendants, is *ex delicto* and not dependent on the existence or validity of any contract.  p. 517.

2. FRAUD.—*Action Against Real Estate Agent.—Evidence.—Verdict.*—A verdict for plaintiff, in an action against real estate agents for fraud perpetrated in disposing of real estate for plaintiff, is not contrary to law, or supported by insufficient evidence, because plaintiff's contract to pay defendants a commission was not reduced to writing, as required by §7463 Burns 1908, Acts 1901 p. 104.  p. 518.

3. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.— Contents of Writing.*—The admission of parol testimony, over defendants' objection, as to the contents of a writing, shown to be in the possession of defendants, and in the absence of any notice on defendants to produce it at the trial to be used in evidence, although erroneous, was rendered harmless where defendants introduced a carbon copy of such writing showing the contents to be in exact conformity to such parol testimony.  p. 518.

4. APPEAL.—*Review.—Evidence.—Admissibility in Rebuttal.*—In an action for fraud perpetrated by defendants, who were employed by plaintiff to effect an exchange of real estate, where testimony was introduced by defendants tending to show that plaintiff had engaged another agent to sell the same land, testimony by a witness for plaintiff, that in a conversation which he overheard between plaintiff's husband and such other agent plaintiff's husband refused to list the property for sale or trade, was proper in rebuttal, as tending to prove that it was not listed with such agent at the time the conversation took place.  p. 518.

5. WITNESSES.—*Contradiction.—Evidence.*—In an action against real estate agents for fraud, where plaintiff's husband testified

that one of the defendants called him by long distance telephone from Indianapolis on a certain day, and that a certain conversation took place between them, which was denied by such defendant, the testimony of the telephone operator that she had a ticket of such date from an Indianapolis pay station to plaintiff's husband, and the ticket itself, showing the call and the duration of the conversation, were admissible, as tending to show that a conversation was had with some one; other evidence being admissible to show that such defendant was the person conversed with. p. 519.

6. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—Where the second paragraph of a complaint had been dismissed, an instruction calling attention to the difference between the first and second paragraphs, was rendered harmless by an instruction informing the jury that such second paragraph had been dismissed and that its verdict must rest on the first paragraph. p. 519.

7. TRIAL.—*Instructions.*—To be good, an instruction purporting to state the material allegations of the complaint, proof of which will entitle plaintiff to recover, must embody every material fact essential to a recovery. p. 519.

8. FRAUD.—*Burden of Proof.*—*Instructions.*—In an action to recover for fraud, an instruction purporting to state the material allegations of the complaint, proof of which would entitle plaintiff to recover, in which the jury was told that it was necessary for plaintiff to prove by a fair preponderance of the evidence that defendants deceived and defrauded her while acting as her agents, as described in the complaint, but which omitted a statement of the facts necessary to constitute fraud, was not erroneous or misleading when considered with another instruction stating that representing to another as true, for the purpose of being acted upon, that which one knows to be false, in such way and under such circumstances as to induce a reasonable man to believe that it is true, constitutes fraud, where the person to whom such representation is made believes it and acts upon it, and suffers damage thereby. p. 519.

9. FRAUD.—*Action Against Real Estate Agent.*—*Harmless Error.*—*Instructions.*—In an action against real estate agents for fraud perpetrated on plaintiff in disposing of plaintiff's real estate, an instruction that if the jury found from a fair preponderance of the evidence that defendants were not the agents of plaintiff at the time of the transaction complained of and that it was a deal wherein no agency existed and no fraud was perpetrated, the verdict should be for defendants, although inaccurate, was not misleading and did not constitute reversible error, since it did not conflict with other instructions given, and the jury was told in other instructions that plaintiff could not recover unless

she had proved by a preponderance of the evidence that the agency existed and that the fraud was perpetrated as charged in the complaint. p. 520.

10. NEW TRIAL.—*Newly Discovered Evidence.—Diligence.—Discretion.*—Where, on application for a new trial on the ground of newly discovered evidence, the trial court had before it conflicting affidavits on the question of diligence on the part of defendants, its action in refusing a new trial was not an abuse of its discretion. p. 521.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by Elnora C. Eagan against Walter C. Bragg and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Edward W. Felt, Elmer J. Binford, William Ward Cook, Charles H. Cook* and *William H. Hough,* for appellants.

*James P. Walker, Arthur C. Van Duyn* and *Earl Sample,* for appellee.

LAIRY, J.—This appeal is taken from a judgment rendered by the trial court in favor of appellee. Appellants assign the following errors on which they seek a reversal: (1) The complaint of appellee does not state facts sufficient to constitute a cause of action; (2) the court erred in overruling the separate demurrer of each appellant to the first paragraph of appellee's complaint; (3) the court erred in overruling the separate demurrer of appellants and each of them to the second paragraph of appellee's complaint; (4) the court erred in overruling the joint and separate motions of appellants for a new trial.

As the second paragraph of the complaint was dismissed at the conclusion of the evidence, we need only consider the sufficiency of the first paragraph on which the judgment rests. From this paragraph of complaint it appears that appellee was the owner of certain real estate in Jennings county, Indiana, and that she employed appellants, who were engaged in the real estate business as partners, to represent her in a proposed exchange of her said real estate

for certain described real estate in Hancock county, owned by a man named Reasnor, on certain terms agreed on between appellee and appellants. Facts are further alleged which show that appellants undertook to represent and act for appellee in making said trade, and that during the time they were so acting in her behalf they fraudulently prevented the exchange from being consummated on terms favorable to appellee, and induced appellee to sell her said real estate for cash to a third person, named Garard, at a price much lower than could have been obtained for said land in the trade proposed by said Reasnor; that prior to the time said plaintiff conveyed her land to said Garard, the appellants had obtained from Reasnor a written proposition to trade his farm of eighty-three acres for appellee's land consisting of 215 acres, appellee's land to be valued at $55 per acre, subject to a mortgage of $4,000, which Reasnor was to assume, and Reasnor's land to be valued at $130 per acre, subject to a mortgage of $1,000, which appellee was to assume; that Reasnor was willing and anxious to make the exchange on the terms stated in the written proposition made by him, and that he delivered the same to appellants, with the intention that it should be communicated to appellee, but that appellants fraudulently concealed said offer from appellee, and falsely and fraudulently represented to her that Reasnor would not make the trade unless his land was valued at the rate of $135 per acre and appellee's at $40 per acre. Appellee averred that she was willing and ready to accept the proposition of Reasnor, and would have done so if it had been communicated to her, and that the trade would have been made on that basis; that by reason of the fraudulent conduct of appellants she was prevented from making the trade with Reasnor, and was induced to sell her land to Garard for the net price of $4,100, and was thereby damaged.

The complaint is quite lengthy, and it is not necessary to an understanding of this case that its averments should be

set out in full. It is clearly sufficient, unless it is 1. open to the single objection urged against it by appellants. It appears from the complaint that appellee agreed to pay appellants a commission for disposing of her real estate, but it is not averred that this contract was in writing. Such contracts by our statute, are required to be in writing. §7463 Burns 1908, Acts 1901 p. 104. Appellants contend that as the contract was not in writing it created no obligation on the part of appellee to pay a commission; that appellants were therefore under no obligation to perform their part of the contract, and that no action against them can be predicated on such contract, or on a failure on their part to perform it.

If this were an action by an agent to recover a commission, or if it were an action to recover damages occasioned by the breach of such a contract, there would be much force in appellants' contention. In such a case, the right of action, if any, arises *ex contractu* and must depend on the contract. In this case, as shown by the averments of the complaint, the cause of action is based on the fraud of appellants. It arises *ex delicto,* and does not depend on the existence or validity of any contract. As shown by the complaint, appellants undertook to act for appellee, as her agents in the sale of her land, and she actually paid them for their services. The confidential relation of principal and agent therefore existed so long as they continued to act in that capacity, regardless of whether or not the contract creating the agency was valid or otherwise. If appellants, while assuming to act as the agent of appellee, perpetrated a fraud on her, they will not be exempt from liability therefor because the contract for commission under which they were acting was unenforceable, because not in writing. The demurrer to the complaint was properly overruled.

Under the assignment that the court erred in overruling appellants' motion for a new trial, several questions are presented. The claim of appellants, that the verdict of the jury

is contrary to law and is not supported by the evidence, is based on the same reasons and supported by the same argument by which it was sought to overthrow the complaint. These questions are necessarily disposed of by what we have heretofore said in passing on the sufficiency of the complaint.

On the trial of the case witness Reasnor was permitted, over objection, to testify as to the contents of the written proposition which was made by him to appellants. In answer to the question objected to, Reasnor said: "The contract was that I was to take that place at fifty-five an acre." He also testified that he was to assume a mortgage of $4,000. The original writing was shown to be in the hands of appellants, and it did not appear that any notice had been served on them to produce it at the trial to be used in evidence. After the introduction of this testimony, appellants introduced a carbon copy of the original writing. This copy established the terms of the written proposition, and showed them to be in exact conformity to the testimony of witness Reasnor. The error in the admission of this testimony was thus rendered harmless.

The court did not err in permitting witness Cook to testify in rebuttal to a conversation which he overheard between Eagan, and Lindsey, another real estate agent, in which Eagan refused to list the property of appellee with Lindsey for sale or trade. Testimony had been introduced in behalf of appellants, tending to prove that Lindsey was the agent of appellee for the sale of this same land, and this testimony was proper in rebuttal as tending to prove that this property was not listed with Lindsey for sale or trade at the time the conversation took place. *Blanchard* v. *Childs* (1856), 7 Gray (Mass.) 155.

On the trial of the case John F. Eagan testified that W. O. Bragg, one of appellants, called him by long-distance telephone from Indianapolis on July 2, and that a certain

conversation took place between them. Bragg denied having had any conversation over the telephone with Mr. Eagan on the day in question. Under such circumstances, the court did not err in permitting Elnora Kanny, the telephone operator, to testify, over the objection of appellants, that she had a ticket from No. 12 pay station at Indianapolis to Mr. Eagan; neither did it err in admitting in evidence the telephone ticket, under date of July 2, 1907, showing a call from No. 12 pay station at Indianapolis, to J. F. Eagan, at Greenfield, and the duration of the conversation. This evidence tended to show at least that Mr. Eagan had held a long-distance telephone conversation with some one in Indianapolis on the evening in question, and other evidence was admissible to prove that the person conversed with was Mr. Bragg.

Several instructions given to the jury by the court are objected to by appellants. Instruction two and one-half called the attention of the jury to the difference between the first and second paragraphs of complaint. This instruction was rendered harmless by instruction three and one-half, which informed the jury that the second paragraph of complaint had been dismissed, and that any verdict it should return must rest on the first paragraph.

Instruction four purports to state to the jury the material allegations of appellee's complaint, proof of which would entitle her to recover. In order that such an instruction may be good, it must embody every material fact essential to a recovery. This instruction is objected to on the ground that it omitted to state that it was necessary for plaintiff to prove by a fair preponderance of the evidence that defendants made the false and fraudulent representations with the intent of deceiving her, and that plaintiff relied on said false and fraudulent representations, and believed them to be true, and acted on them to her damage. By the fourth subdivision of this instruction, the jury was told that it was necessary for

plaintiff to prove by a fair preponderance of the evidence that defendants deceived and defrauded her while acting as her agents, as described in her complaint. This amounted to a general statement that in order for plaintiff to recover, it was necessary for her to prove the fraud alleged. It was necessary, however, that the jury be informed as to what facts must be proved in order to constitute a fraud. This was done by instruction eleven, which is as follows: "As a matter of law, if one person represents to another as true, that which he knows to be false and makes the representation in such a way and under such circumstances as to induce a reasonable man to believe that the matter stated is true, and the representation is made to be acted upon, and the person to whom the representation is made believes it to be true and acts upon the faith of it, and suffers damages thereby, this is fraud sufficient to sustain an action for damages." When these instructions are considered together, we cannot think that the jury was misled.

We have carefully examined instructions five, eight, ten, twelve and nineteen, objected to by appellants, and are of the opinion that no reversible error resulted from the giving of any of these instructions. By the nineteenth instruction the jury was told, in substance, that if it found from a fair preponderance of the evidence that appellants were not the agents of appellee at the time they or either of them purchased the land, and that the same was a deal wherein no agency existed, and no fraud was perpetrated on her by appellants, then the verdict should be for appellants. This instruction is objected to on the ground that it places on defendants the burden of proving by a preponderance of the evidence that they were not the agents of plaintiff, and that they perpetrated no fraud on her. This instruction is inaccurate, and should not have been given. It does not state, however, that it is necessary, in order to justify a verdict, for the defendant, that the facts stated in

the instruction should be established by a preponderance of the evidence. The statement is that if such facts are so established, the verdict should be for defendants. This is, of course, true, and it is also true that the verdict should have been for defendant, in case the evidence was equally balanced, so as not to preponderate either way.

Several other instructions were given, by which the jury was told that plaintiff could not recover unless she had proven by a preponderance of the evidence that the agency existed, and that the fraud was perpetrated, as charged in the complaint. As the instruction under consideration is not in conflict with the other instructions given, bearing on this question, we do not think that the jury was misled thereby.

A new trial is also asked on the ground of newly-discovered evidence, which appellants allege could not, with reasonable diligence, have been discovered and produced at the 10. trial. The newly-discovered evidence consisted of letters written and signed by John F. Eagan, for and on behalf of appellee, to Lindsey & Hazen, real estate agents. These letters it is urged would prove that said firm of Lindsey & Hazen was the agent of appellee for the sale or exchange of the land in question. Appellee contends that appellants have failed in their showing of diligence to obtain and produce this evidence at the time of trial. Affidavits were filed in support of the motion for a new trial showing the efforts made by appellants to discover this evidence prior to the trial. The affidavit of Mr. Hough shows that he was an attorney for appellants, and as such went to North Vernon to see Lindsey & Hazen to ascertain whether or not said firm acted as agent of appellee in the sale or trade of her farm, as described in appellee's complaint; that he was informed by the acting member of the firm—Lindsey—that said firm knew nothing concerning the matters inquired about. While the affidavit states what information Hough

desired to obtain, it does not show what inquiries were actually made. A like defect might be pointed out in the affidavit of Lindsey.

Appellants and their attorneys filed an affidavit, to the effect that they severally possessed no knowledge whatever of the existence of the letters in question. A counter-affidavit was filed by John F. Eagan, stating that appellant Bragg requested that one of said letters be written, and was informed by affiant that said letter was written; that for over a year before the trial Bragg knew that said letter had been written and sent to Lindsey. Appellant Bragg then filed a further affidavit denying the facts stated in the counter-affidavit of Eagan. It thus appears that the court had before it conflicting affidavits on the question of diligence on the part of appellants. It did not see proper to grant a new trial, and we cannot say that it abused the discretion vested in it by law in regard to this matter. *Webb* v. *Wight & Weslosky Co.* (1900), 112 Ga. 432, 37 S. E. 710; *Hammond, etc., R. Co.* v. *Spyzchalski* (1897), 17 Ind. App. 7, 46 N. E. 47; *First Nat. Bank* v. *Gibbons* (1893), 7 Ind. App. 629, 35 N. E. 31.

From an examination of the record in this case we are of the opinion that a correct result has been reached by the trial court, and that no reversible error is shown.

Judgment affirmed.

Felt, J., not participating.

NOTE.—Reported in 98 N. E. 835. See, also, under (1) 20 Cyc. 86; (3) 38 Cyc. 1432; (4) 38 Cyc. 1343; (5) 40 Cyc. 2765; (6) 38 Cyc. 1782; (8) 20 Cyc. 129; (9) 20 Cyc. 127; (10) 29 Cyc. 1008. As to the law of the telephone as applied to contracts and evidence, see 127 Am. St. 538. As to the admissibility in evidence of books, reports and the like, other than books of account, see 125 Am. St. 841.