### 14599. CHANCE v. ALDERMAN.

LUKE, J. 1. "In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear that a pertinent question was asked, and that the court ruled out the answer; and that a statement was made to the court at the time, showing what the answer would be; and that such testimony was material, and would have benefited the complaining party." *Griffin* v. *Henderson*, 117 *Ga.* 382 (2) (43 S. E. 712). Under this ruling the 1st special ground of the motion for a new trial presents nothing for consideration by this court.

2. The testimony adduced upon the trial was conflicting, and the jury, as they had the right to do, adopted the evidence of the plaintiff and returned a verdict in her favor, which has the approval of the trial judge.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JULY 10, 1923.

Complaint; from Montgomery superior court — Judge Graham. March 31, 1923.

*J. Wade Johnson,* for plaintiff in error. *L. C. Underwood,* contra.

---

### 14600. COHRON v. THE STATE.

LUKE, J. The defendant was convicted of violating the prohibition statute. The sole assignment of error is upon the ground that the verdict of the jury was unauthorized by the evidence. There was evidence to authorize the verdict, and the verdict has the approval of the trial judge. It was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JULY 10, 1923.

Indictment for manufacture of liquor, etc.; from Paulding superior court — Judge Irwin. March 6, 1923.

*C. B. McGarity,* for plaintiff in error.

*E. S. Griffith, solicitor-general,* contra.