## 27558. RALEY *v.* BOARD OF CIVIL SERVICE COMMISSION.

DECIDED NOVEMBER 28, 1939.

*Isaac S. Peebles Jr., Nathan Jolles,* for plaintiff in error.
*William T. Gary,* contra.

BROYLES, C. J. Charges of neglect of duty or disobedience of orders were preferred against J. W. Raley, a policeman of the City of Augusta. He was tried by the Board of Civil Service Commission of the City of Augusta, found guilty of the charges, and dismissed from the police force. He obtained a writ of certiorari and, on the hearing thereof in the superior court, the certiorari was overruled and he excepted to that judgment. As stated by counsel for the plaintiff in error in their brief, the only questions for determination are as follows: (a) Did the Board of Civil Service Commission err in refusing to allow Raley's wife to testify in the case? And (b) was the evidence sufficient to authorize Raley's discharge from the police force? As to the first question, the only reference in the petition for certiorari thereto is paragraph 24 which reads as follows: "Petitioner avers that he offered as a witness his wife, Mrs. J. W. Raley, as a witness in his behalf, to testify as to his physical condition and as to the pain that he suffers day in and day out and as to his ability to work; that she lives in the same household with petitioner and has knowledge of said condition and is perhaps the best witness to give such information to an impartial court, which said evidence was ruled out by the president under authority delegated to him as such president, which ruling out and rejection of this testimony your petitioner assigns as error."

It is well settled that in a petition for certiorari the petitioner "shall plainly and distinctly set forth the errors complained of." Code, § 19-203. And in *Griffin* v. *Henderson*, 117 *Ga.* 382 (2, 3) (43 S. E. 712), the court made the following ruling (which has been followed again and again by both of our appellate courts): "In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear that a pertinent question was

asked, and that the court ruled out the answer; and *that a statement was made to the court at the time, showing what the answer would be* [italics ours]; and that such testimony was material, and would have benefited the complaining party. An exception to the foregoing rule may in some cases be made as to answers excluded on cross-examination, where the opposite party is entitled to sift and test the witness, or may not know what the answer would be." This ruling is applicable to a certiorari case, a petition for certiorari being in effect a motion for a new trial. In the instant case the petitioner offered to introduce certain oral testimony and the court excluded it, but it does not appear from the petition for certiorari that any question was asked the witness, or that a statement was made to the court at the time what the expected testimony would be. Under these circumstances the exclusion of the testimony presents no question for determination, and the judge of the superior court did not err in overruling the ground of the petition based on such exclusion.

The evidence as to whether Raley was physically incapacitated by disease or accident from performing the light duties which his superior officers required of him is voluminous and in sharp conflict. However, a careful study of the evidence convinces us that the commission, acting as court and jury, was authorized to find against him on this issue of fact and to hold that he was guilty of the charges preferred against him. It follows that the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*