31547.   HALL *v.* THE STATE.

DECIDED MARCH 21, 1947.   REHEARING DENIED APRIL 2, 1947.

*George G. Finch,* for plaintiff in error.

*Roy Leathers, Solicitor-General,* contra.

MACINTYRE, J.   ■   P. H. Hall was indicted for shooting at another.   The jury returned a verdict of guilty, and the defendant made a motion for new trial on the general and three special grounds.   This motion was overruled on each and every ground, and the defendant excepted.

In special ground 2, the defendant contends that the trial judge erred in refusing to permit the solicitor-general who was prosecuting the case to testify as a witness for the defendant.   The record discloses that the attorney for the defendant asked the solicitor-general to take the stand.   The solicitor-general stated: "I am here as an attorney to represent the truth.   I can swear the truth

and don't mind it." The court intervened and asked the defendant's attorney what he proposed to show by the solicitor-general. The attorney replied that "I want to put Mr. Leathers on the stand for the defense." The court again asked, "What do you propose to show by him?" The attorney then stated, "I'll have to examine him and see." The court stated, "I'll hold that you can not put him up."

The defendant contends that the ruling of the court deprived him of his "constitutional right provided under paragraph five, article one, section one, of the then Constitution of Georgia."

Even if the trial court erred in refusing to allow the defendant to put the solicitor-general upon the stand and have him to testify when called as a witness for the defendant, the defendant made no showing by an avowal or otherwise as to what he expected to prove by the offered witness. If the solicitor-general knew facts material to the defense of the accused, he should have been required to divulge them on the witness stand; but the accused, in order to preserve his right to have the error reviewed, should have manifested to the trial court in some manner the nature of the facts that he expected to prove. After having been asked by the court what he expected to prove by the witness, the accused stated, "I'll have to examine him and see." This was in effect saying that he did not know. It necessarily follows that he did not divulge to the court what he expected to prove by such witness. The rule in this jurisdiction is: "No matter how competent a witness might be, a court will not grant a new trial merely because he was not allowed to testify. It must appear that the excluded testimony was material; and the almost universal rule of practice is that what that material testimony was must be expressly called to the attention of the trial court at the time of its exclusion. *Bigby* v. *Warnock,* 115 *Ga.* 386 (4) [41 S. E. 622, 57 L. R. A. 754] ; *Southern Mutual Ins. Co.* v. *Hudson,* 113 *Ga.* 438 [38 S. E. 964] ; *Freeman* v. *Mencken,* 115 *Ga.* 1018 [42 S. E. 369] . . but ordinarily the exclusion of oral testimony can be made available as error only by asking some pertinent question, and, if an objection is sustained, informing the court at the time what the answer will be, so that he can then determine whether the fact is or is not material. It will not do to state thereafter what the witness would have answered. The error, if any, must have been committed on the trial;

and the ruling must have been made, not on a question only, but in the light of the facts about which the witness would have testified.

"Where a question is asked, the answer excluded, and no statement made to the judge as to what the witness would have sworn, there is nothing before the court. It is impossible for the judge on the motion for a new trial, or for this court on a bill of exceptions, to say whether the complaining party would have been benefited or injured by the answer. The witness may not have known anything of the subject inquired about; and if a new trial should be granted because the answer was excluded, it might happen that on the second trial the question would be again propounded, allowed, and the witness give hearsay, inadmissible, or irrelevant testimony, or the answer might be harmful instead of helpful, or the witness might reply, 'I do not know,' with the result that the time and money of the parties and the country had been wasted for so inconsequent a conclusion. That this is not unlikely to occur, is shown by the experience of all practicing lawyers, who have often seen a long and heated argument, as to the right to ask a question, followed by the laughter of all bystanders when the court held it competent, and the witness replied that he knew nothing about the matter." *Griffin* v. *Henderson,* 117 *Ga.* 382, 383 (43 S. E. 712).

"Where the error alleged is that evidence has been wrongly excluded, the rule is well settled that there must have been an offer of a definite sort, so that both courts can know whether what is offered is in itself relevant and otherwise competent, and indeed whether it really exists. The absurdity of reversing the case without knowing this lies in the possibility that upon a retrial it may develop that the evidence itself was incompetent or the witness would testify adversely, or knows nothing." Price *v.* United States, 68 Fed. (2d) 133, 135.

In considering the ruling made by the trial judge, not only the ruling upon the refusal to allow the testimony of the solicitor-general should be considered, but it should also be considered in the light of the facts about which the witness would have testified. Under the circumstances here, the witness was not allowed to be put upon the stand to testify; hence not allowed to answer any questions. He is, as to this particular matter, "as though he were absent; and the rule requiring a showing as to what an absent wit-

ness would testify, and the materiality of his testimony, stands on the same principle as a showing required in rulings when the court will not admit evidence. See Civil Code, § 5129 [Code, § 81-1410]." *Griffin* v. *Henderson,* supra; *Butler* v. *State,* 14 *Ga. App.* 446, 448 (81 S. E. 370); *Raley* v. *Board of Civil Service Comm.,* 61 *Ga. App.* 152 (5 S. E. 2d, 918); Robertson *v.* Commonwealth, 269 Ky. 317 (107 S. W. 2d, 292); Hass *v.* United States, 31 Fed. 2d, 13; Price *v.* United States, supra; 149 A. L. R. 1300, 1303.

In the instant case, if the defendant desired to complain of the ruling referred to in this special ground, he should have made an avowal of the evidence which he proposed to offer; otherwise, there is nothing before this court, and in the absence of such avowal, neither the trial court nor this court can say that the testimony of the solicitor-general was material or its rejection sufficiently prejudicial to the accused as to warrant a reversal of conviction. This ground does not disclose reversible error.

■ Special grounds 1 and 3 are controlled adversely to the defendant by the rulings of this court in *Archer* v. *State,* 74 *Ga. App.* 387 (39 S. E. 2d, 760).

■ The evidence was sufficient to authorize the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*