SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY *v.* LADSON.

</div>

1. When a defendant by his answer joins issue with the plaintiff without demurring to the petition, it is not erroneous for the court to instruct the jury that if the plaintiff proves his case as laid, he is entitled to recover.

2. The charge in the present case, in so far as it dealt with damages the amount of which was to be arrived at by " the enlightened consciences of impartial jurors," indicated with sufficient clearness that the damages thus referred to were those arising from pain and suffering.

3. The evidence, though conflicting, was sufficient to warrant the verdict.

<div align="center">Argued January 13, —Decided February 7, 1902.</div>

Action for damages.　Before Judge Bennet.　Clinch superior court.　August 5, 1901.

*R. G. Dickerson* and *D. H. Pope*, by *W. E. Kay*, for plaintiff in error.　*Toomer & Reynolds* and *S. C. Townsend*, contra.

LUMPKIN, P. J.　In his petition against the Savannah, Florida and Western Railway Company, Charles Ladson alleged that on the 14th day of January, 1899, he was lawfully upon the platform of the passenger-depot of the company at its station in Homerville, and that, while he was so upon such platform, he "was wilfully assaulted and wantonly and forcibly knocked from said passenger depot platform by one Massey, the agent and representative of said company then and there in the employment and service of the said company and having charge of said station premises, depot and platform," and that in this manner divers severe personal injuries were inflicted upon the plaintiff.　The defendant denied all the material allegations of the petition, but did not by demurrer challenge its sufficiency.　The case went to· trial, and, upon decidedly conflicting evidence, resulted in a verdict for the plaintiff.　The defendant thereupon filed a motion for a new trial, and upon the overruling thereof assigns error in its bill of exceptions.

1. In his charge to the jury the presiding judge in substance instructed them that if the plaintiff established to their satisfaction the material allegations of his petition, he was entitled to a recovery. This charge is excepted to on the ground that a railway company is not in law liable for a tort committed by its agent, unless the unlawful act was done by him while acting within the scope of his agency in and about the company's business.　As an abstract proposition, the rule of law insisted upon by counsel for the company is undoubtedly sound; but, in view of the record before us, it has no application whatever to the present case.　The plaintiff alleged that he was beaten and misused by Massey, who was the company's agent; but there was no clear and distinct allegation that the beating took place while the agent was, as such, engaged in the service or business of the company.　Had the sufficiency of the petition been challenged by a proper special demurrer, the question for determination would have been altogether different.　Under the ruling in *Flewellen* v. *Flewellen*, 114 *Ga.* 403, citing and following numerous other decisions of this court to the same effect, the plain-

tiff was entitled to a verdict if he proved his case as laid; and certainly the trial judge did not err in so informing the jury. That it is eminently proper to apply this well-settled rule in the present instance is evidenced by the fact that the court certifies: "It was not contended by defendant's counsel upon the trial of the case that the agent of the defendant company acted without the scope of his authority. That point or issue was not referred to by counsel of either party."

2. The court, among other things, charged the jury that if the defendant company wrongfully caused the plaintiff injury and damage, "and that therefrom he has suffered pain and will continue to so suffer in the future, then he would be entitled to recover, in addition to such actual damages as he may have sustained, such damages as the enlightened consciences of impartial jurors may think proper and right." This charge is complained of because it did "not tell the jury for what the plaintiff could recover additional damages." A careful reading of the entire charge given to the jury leaves no room for doubt that by the words "actual damages," as used in the portion of the charge excepted to, the judge meant, and the jury could not have failed to understand him as meaning, such damages as arose from the plaintiff's decreased capacity to earn money. In one part of the charge his honor distinctly characterized damages of this kind as "actual damages," and gave to the jury the correct rules with respect to the measure of the plaintiff's recovery therefor. Taking these things into view, it is clear that the instruction to which exception is taken was not misleading; for the jury could not have failed to understand that in the event they should conclude the plaintiff was entitled to recover for the pain and suffering attending his injuries, they were, in fixing the amount of damages therefor, to be guided solely by their enlightened consciences as impartial jurors. In other words, the effect of the charge under review, considered in the light of other instructions given in connection therewith, was to tell the jury that in addition to the actual damages sustained by the plaintiff in the way of decreased earning capacity, they might award "additional damages" for pain and suffering, if they should find he was entitled thereto.

3. As already stated, the evidence was decidedly conflicting. The plaintiff, as a witness in his own behalf, fully made out his

case. On the other hand, the defendant's witnesses gave a version of the matter which completely absolved the company from liability. The trial judge was satisfied with the jury's conclusions upon the issues of fact involved, and under the circumstances we can not undertake to say he abused his discretion in refusing to disturb their verdict.

*Judgment affirmed. All the Justices concurring.*