## CENTRAL OF GEORGIA RAILWAY CO. *v.* McCLIFFORD.

1. When in the trial of a suit by an employee against a railroad company, for damages for personal injuries, the judge charges the jury in clear and unequivocal terms, but in a general way, the law requiring the plaintiff, as a condition precedent to a recovery, to show that he was without fault, the failure to apply this principle in a hypothetical way to the particular facts, calling attention to what is claimed by the defendant to be negligence on the part of the plaintiff, will not be a sufficient reason for reversing the judgment refusing a new trial to the defendant, when there is no appropriate written request presented in due time asking for such an instruction.

2. A master is not relieved from liability to his servant who is injured by a defective instrumentality, by the mere fact that the instrumentality is owned by a third person.

3. If the master constantly uses the instrumentality in his business, and so deals with it as to practically adopt it as his own, he becomes, relatively to a servant injured thereby, the owner, and is under the same duty to the servant as an owner would be.

4. Though the railroad company in this case did not own the fence and gate here involved, they were built across its track with its permission; the gate was constantly used by it in its business, had on it a lock put there by the company, keys to which were furnished to its employees, and was under its control to such an extent as to make it its duty, relatively to its employees using the gate, to see that it was in a suitable condition for use, and to give its employees warning in the event it was not.

5. The law requires of an employee the exercise of only ordinary diligence to prevent injury to himself.

6. An expert may be asked his opinion of a hypothetical case, even though the facts thereof may be the same as those of the case on trial.

7. A ground of a motion for a new trial complaining of the admission or rejection of evidence must be complete in itself or in connection with exhibits attached to the motion. The Supreme Court will not look to any other part

of the record to make perfect an incomplete assignment of error in a motion for a new trial.

8. The evidence warranted the verdict, and no sufficient reason appears for reversing the judgment.

Argued April 11, — Decided May 13, 1904.

Action for damages.　　Before Judge Norwood.　　City court of Savannah.　　July 18, 1903.

This was an action for damages for personal injuries, in which the plaintiff recovered the verdict. The case is here upon exceptions to the overruling of the defendants's motion for a new trial. The plaintiff was employed by the defendant as a coupler and switchman. The defendant had a track which ran parallel with the property of the Southern Cotton Oil Company, from which track three or four tracks led into the premises of the Cotton Oil Company. Across one of these tracks the Cotton Oil Company had erected a gate. The gate, while across the defendant's track, was upon land owned by the Oil Company, and was owned and maintained by it. The gate had a railroad lock upon it, which was put there by the defendant for the purpose of facilitating its access through the gate, and some of its employees were furnished with keys to the lock. The plaintiff was on top of a car in the discharge of his duties as switchman or coupler, which car together with others was being pushed by an engine toward the gate. The plaintiff observed that one wing of the gate was closed, and, according to testimony introduced in his behalf, gave the engineer repeated signals to stop the train, which could have been done had the signals been obeyed. The engineer disregarded the signals, and the train ran into the closed gate, derailing the car on which plaintiff was standing. In attempting to get off the car the plaintiff sustained the injuries complained of. There was some evidence that the wing of the gate which was closed was not supplied with a hook, and the inference from the testimony is that this was the reason for that wing being closed. On this testimony the judge evidently based the charges referred to in the opinion.

*Lawton & Cunningham*, for plaintiff in error.

*C. T. Ladson* and *Garrard & Meldrim*, contra.

COBB, J. (After stating the foregoing facts.) 1. Complaint is made that the court failed to instruct the jury as to the main de-

fense of the defendant, which was that the plaintiff was stationed on the car nearest the gate, that it was his duty to signal the engineer of any obstruction upon the track, and that he failed to give the engineer any warning until the car was so near the gate that it was impossible to stop the train in time to avoid the collision.    The judge charged the jury that before the plaintiff could recover it must be shown that he was without fault or negligence; that if he, immediately or remotely, directly or indirectly, caused the injury, or contributed to it in any way, he was not entitled to recover; that the plaintiff being an employee, any negligence on his part, however slight, which contributed in any appreciable degree to the injury, would defeat a recovery; and also that he could not recover if he was to blame.    Having thus stated to the jury in this manner, although in a general way, the rule of law that imposed upon the plaintiff the duty of showing that he was without fault as a condition precedent to a recovery, we do not think the judgment should be reversed for the failure of the judge to apply the principle specifically to the facts of the particular case, in the absence of an appropriate written request to this effect, presented in due time.

2–4. Ten grounds of the motion for a new trial contain assignments of error upon portions of the charge of the judge relating to the duty which the defendant owed the plaintiff in reference to the gate across its track.    The charge was, in effect, that if the railroad company used the track upon the premises of the Oil Company, and carried its cars and engines through the gate, opening and closing it when necessary, and had its lock on the gate, with keys to the lock in the possession of its employees, the company owed to its employees the same duty in reference to the gate as if it had been the owner and the gate had been erected upon its premises.    Where a servant is injured by a defective instrumentality which is neither owned nor controlled by the master, but used by his direction, the authorities are conflicting as to whether the master is liable.    See 1 Labatt's Master & Servant, § 169; 3 Ell. Railroads, § 1279.    The author first cited expresses the opinion that the cases which declare the master to be liable "are more consistent than the others with those general conceptions of public policy which are the ultimate foundation of his obligations to his servants."    He then proceeds to say that in perhaps most of

the cases the master's want of control over the instrumentality would constitute no serious obstacle to his acquiring information as to its condition; lack of information being the theory upon which non-liability is supposed to rest.     This court has ruled squarely, however, that in the case just stated the master would not be liable, unless he knew of the defective condition of the instrumentality.     *Dunlap* v. *Railroad Co.*, 81 *Ga.* 136.     We do not think the facts of this case bring it within the rule just stated, but rather within the rule that the master is liable to his servant for injuries received from defective instrumentalities not owned by the employer, but controlled by him, and used by him in his business. See 1 Labatt's Master & Servant, § 172. The evidence here shows that the owner of the gate had been accustomed to repair it, and that the railroad company was not expected to keep the gate in repair.     But the evidence also shows that the railroad company constantly used the gate in its business, that it was built across its track, that it had on it a lock placed there by the railroad company, and that its employees were furnished with keys to this lock. The railroad company did not own the gate, but when it permitted it to be built across its track, and used it in its business, it became, relatively to an employee, a part of the track, and as to him the company is to be treated as the owner; that is to say, it became so far the owner as to be under a duty to its employees to see that the gate was kept in repair.     The company was bound to furnish its employees with a safe place to work; and it certainly could not allow its track to become unsafe by reason of an obstruction placed upon the track by a third person with its permission.     We recognize that in cases like the present the line between liability and non-liability is very closely drawn, but we think the facts of this case show a breach of the duty which the defendant owed to the plaintiff to provide him with a safe place to work.     To all intents and purposes it was in control of the gate. It locked it and unlocked it, opened it and shut it, whenever occasion required; and it can not defend against the plaintiff's suit on the mere ground that the duty to repair was on the Southern Cotton Oil Company.     The railroad company was at least under a duty to inspect and to warn, even if it was not also under the duty, relatively to its employees, to keep the gate in repair.     The charges complained of were not erroneous.

5. Complaint is made that the judge charged the jury that the plaintiff was bound to the exercise of ordinary care; it being contended that as he was an employee he was bound to the exercise of extraordinary diligence. There was no error in this charge. The degree of diligence which the law requires of an employee is ordinary diligence only. *Central R. Co.* v. *Lanier*, 83 *Ga.* 591; *Richmond & Danville R. Co.* v. *Mitchell*, 92 *Ga.* 81 (2). The failure of the employee to exercise the degree of diligence required, that is ordinary diligence, even in the slightest way, will preclude him from recovering; that is, he is at fault whenever he does anything or fails to do anything which would amount to a lack of ordinary care on the part of any person in the same or similar circumstances. If he immediately or remotely, directly or indirectly, causes the injury, or any part of it, or contributes to it by any act which an ordinarily prudent person would not have performed, or leaves undone anything which an ordinarily prudent person would have performed, he can not recover. His lack of ordinary care, no matter how slight, which contributes in any appreciable degree to the injury, renders him to blame. This court has never held that an employee of a railroad company is bound to exercise extraordinary diligence. On the contrary, it has always held that ordinary diligence is all that is required. The expressions in *Kenney's* case, 61 *Ga.* 590 (3), *Mitchell's* case, 63 *Ga.* 181, *Hicks'* case, 95 *Ga.* 302, and other cases, relied upon by counsel as indicating that extraordinary diligence is required, are merely different ways of expressing the principle above laid down.

6. There was no error in allowing the plaintiff and the witness Kelley as experts to give their opinion upon the hypothetical case stated as to the distance in which a train of a given character could be stopped, although the case thus hypothetically stated was substantially the case as made by the evidence. In *Flannagan's* case, 106 *Ga.* 109, it was distinctly ruled that while it is improper to ask an expert his opinion of the case on trial, he may be asked his opinion of the same case hypothetically stated. There is nothing in *Southern Mutual Insurance Company* v. *Hudson*, 113 *Ga.* 434, which at all modifies or changes the rule laid down in the *Flannagan* case, but on the contrary the two decisions are in entire accord, it being held in each that the expert must give his opinion upon a hypothetical case, although the facts of the

case stated might be the same as those appearing from the evidence, but would not be allowed to give his opinion upon the facts and circumstances of the particular case.

7. Complaint is made, in one ground of the motion for a new trial, that the court erred in permitting the plaintiff "to introduce in evidence rule 519, claimed to be from the rule book of the Central of Georgia Railway Company, said rule being set out as Exhibit A to the brief of evidence." There is nothing in the ground or the motion, or in any exhibit to the same, which indicates what are the contents of rule 519. Under numerous decisions of this court, this ground can not be considered. The court will not look from the motion and its exhibits to the brief of evidence and its exhibits, or any other portion of the record, for the facts necessary to make the ground complete. *Seaboard Air-Line Railway* v. *Phillips,* 117 *Ga.* 106, and cit.

8. No error of law appears which, in our opinion, requires a reversal of the judgment. The charge was free from substantial error, and fairly submitted the issues to the jury. The evidence authorized the verdict.

*Judgment affirmed.   All the Justices concur.*