SANDERS *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

FISH, P. J.   1. The evidence which the court refused to admit, being hearsay, was properly excluded.

2. A ground of a motion for a new trial, assigning error upon the refusal of the court to permit a witness of the complaining party to answer a designated question, should show not only what answer was expected, but that the judge was informed as to it. *Leverett* v. *Bullard*, 121 *Ga.* 536.

3. An assignment of error upon the admission of testimony should show not only that it was admitted over objection of the complaining party, but what grounds of objection he urged at the time the evidence was offered. *Powell* v. *Ga., Fla. & Ala. Ry. Co.*, 121 *Ga.* 803.

4. On the trial of an action brought by an employee against a railway company, for personal injuries alleged to have been caused by the negligence of the company, the court charged the jury as follows: "Ordinary care and diligence is that care and diligence which every prudent man takes under the same or similar circumstances. You are to judge of the conduct, the diligence, the negligence, and the acts of the plaintiff and the defendant in this case by that rule." _Held_, that the definition given of ordinary diligence was correct (_Richmond R. Co._ v. _Mitchell_, 92 _Ga._ 77 (2) ), and that the court did not express an opinion to the effect that the plaintiff was negligent any more than that he was diligent; the instruction meant that the jury should judge of (i. e. concerning) the conduct, the diligence, the negligence and acts of both parties by the application of the rule given.

5. In such a case it was not error to charge that in order for the plaintiff to recover it should appear from the evidence that at the time he was injured he "was in the exercise of ordinary care and diligence and was free from fault." If he were free from fault, as he had to be in order to recover, he was necessarily in the exercise of ordinary care. Moreover the petition alleged that at the time of the injury the plaintiff "was in the exercise of all ordinary care and diligence and was free from any fault whatsoever."

6. Nor was it error for the court in its charge to assume "that negligence of the company and its failure to exercise ordinary care and diligence were synonymous terms."

7. In order for an employee to recover in an action of the nature above referred to, it must appear from the evidence that he was free from fault contributing to his injuries, and that they were caused by the negligence of the company. If the plaintiff and the defendant were both negligent, or if they were both free from fault, in neither instance can the plaintiff recover. The instructions of the court on this subject, to which exceptions were taken, were in substantial accord with the rules above announced, and were not erroneous, at least for any reason assigned.

8. The court charged the jury: "Now, you look to the evidence and see whether or not it is shown that the bell was not rung, see what the truth of that is. If you find that the bell was rung, you need give no consideration to that allegation contained in the declaration. If you find . . that the bell was not rung, as contended for by plaintiff, . . then you look to the . . . evidence and see whether or not the railway company . . [was] in the exercise of ordinary care and diligence." This charge did not ignore the issue as to whether or not the bell was rung; nor "was it error as not fully submitting the issue to the jury, in that the court did not tell the jury how and in what manner the bell should be rung in order to comply with the demand of diligence." Had the court so told the jury, it would have been an expression of opinion that the acts specified would constitute diligence.

9. The court properly instructed the jury not to consider the Carlisle mortality table, which was in evidence, if they should believe from the evidence that the plaintiff was not entitled to recover, or that his injuries were not permanent. There was no expression of "opinion on the facts" in such charge.

10. After the court had in its charge twice stated fairly and explicitly all the specifications of negligence alleged against the defendant in the petition, it was not cause for a new trial that in the same connection, and while instructing the jury to look to the evidence in order to ascertain the truth as

to each allegation and contention, the court omitted from its enumeration of such allegations one charge of negligence, it appearing that this portion of the charge closed with the statement that " all these matters and all these contentions wherein it is charged that the defendant company was negligent . . are matters entirely for you to pass upon," under the evidence submitted and the law given in charge.

11. The verdict was amply supported by evidence, and the court did not err in refusing a new trial.

*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent.*

Submitted June 29, — Decided August 4, 1905.

Action for damages.    Before Judge Hodges.    City court of Macon.    November 25, 1904.

The plaintiff was in the employment of the defendant as a car-greaser and repairer, and was injured by being struck by the tender of a locomotive, or by something that projected from it, at night.    He contended, that he was in the performance of his duty, and was without fault; that the place where he was engaged was very dark, and he could not see or hear the approaching engine: that the defendant was negligent, in having no light on the end of the tender, in not ringing the bell, and in not otherwise giving warning of the approach of the engine.    Under somewhat conflicting evidence, and the charge of the court, the jury found for the defendant.    The plaintiff excepted to the refusal of a new trial, the grounds of the motion therefor being sufficiently indicated in the headnotes.

*Marion W. Harris* and *John R. Cooper,* for plaintiff.
*Hall & Wimberly* and *J. E. Hall,* for defendant.