## MORRIS *v.* THE STATE.

1. An assignment of error upon the rejection of evidence is not well made, unless the evidence rejected be set out either literally or in substance.
2. A ground of a motion for a new trial, based on the refusal of the court to instruct the jury in accordance with a timely written request, can not be considered when the request is not set out in the motion nor attached thereto as an exhibit and properly identified.
3. The evidence amply warranted the verdict, and the court did not err in refusing a new trial.

Submitted October 21,—Decided November 12, 1907.

Indictment for murder.   Before Judge Lewis.   Jones superior court.   June 13, 1907.

*J. C. Barron* and *E. T. Dumas, Jr.,* for plaintiff in error.

*John C. Hart,* attorney-general, *Joseph E. Pottle,* solicitor-general, and *Johnson & Johnson,* contra.

FISH, C. J. Will Morris was convicted of murder, for the killing of his father. He made a motion for a new trial, which was overruled, and he excepted.

1. The original motion for a new trial contained only the usual general grounds. The first ground of the amendment to the motion was: "Because the court erred in not allowing the witness Hattie Morris to testify as to why she left her father's house (who was the deceased) and went to her brother's house (who is the defendant)." It does not appear here, or elsewhere, in the motion for a new trial, what the testimony of the witness would have been, had she been permitted to testify. It follows, under repeated rulings of this court, that the assignment of error presents

no question for adjudication. See citations of cases in 14 Michie's Enc. Dig. Ga. Rep. 410-411. .

2. The second ground in this amendment was: "Because the court erred in refusing to give in charge to the jury the following written request of the defendant's counsel to charge on the question of the defendant's character, the same having been requested at the proper time and being a pertinent legal charge, especially to the facts in said case, and not having been substantially given anywhere in said charge." No request to charge is set out in the motion for a new trial, or referred to therein, otherwise than in the above-quoted language. Immediately following this ground of the motion are the names of counsel for the movant. Then follows the judge's approval of the grounds of the motion. Next comes an order by the judge fixing a date in vacation for the hearing of the motion, and allowing until the hearing for the filing of the brief of evidence and of the amendment to the motion. Then comes an order by the judge, on the date set for the hearing, overruling the motion and refusing a new trial. Immediately after this there is what purports to be "Request to charge by defendant's counsel in the case of the *State* v. *Will Morris*," below which is the word "Refused;" but such paper bears no marks of identification or filing. Under such circumstances, it is clear that no request to charge on the subject indicated in the motion for a new trial can be considered by this court. The request, in order to be considered, should have been set out in the motion, or made a part thereof by an exhibit attached thereto and properly identified.

3. The evidence fully warranted the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*