129　683
d130　658

## MACON, DUBLIN AND SAVANNAH RAILROAD COMPANY

### *v.* JOYNER.

1. The charge of the court stated the contentions of the parties fairly and with sufficient fullness and clearness. And certain inaccuracies appearing in the statement of the contentions of the defendant were not so material as to require the grant of a new trial.
2. A charge to the jury, instructing them in effect that the law requires of . an employee the exercise of only ordinary diligence to prevent the injury to himself, will not be cause for a new trial, where it further appears from the charge that the jury were distinctly instructed that the employee could not recover unless he was himself free from fault.
3. It was error for the court to instruct the jury that they should add whatever amount the plaintiff "would be entitled to ·for pain and suffering to such sum as they might find he is entitled to for damages," inasmuch as pain and suffering in themselves constitute an element of the damages which plaintiff was entitled to, recover. But the error was not hurtful to the defendant, as it is clear, upon considering the entire charge, that by the use of the word "damages" the court meant and intended the jury to understand such damages as resulted from impaired or diminished earning capacity.
4. A refusal to give a written request to charge is not error unless the charge requested is in itself correct and perfect.
5. The evidence authorized the verdict.

Argued June 4,—Decided December 21, 1907.

Action for damages. Before Judge Rawlings. Toombs superior court. October 29, 1906.

Joyner brought an action against the railroad company, to recover damages for personal injuries. The petition alleges that the

plaintiff was an employee of the defendant company, and, at the time of the alleged injury, was engaged in the performance of his duties as a yard switchman. His freedom from fault, and various specific acts of negligence on the part of the defendant, are also alleged. The defendant filed an answer in which it denied all of the material allegations of the petition. Upon the trial the jury returned a verdict in favor of the plaintiff. The defendant made a motion for a new trial. All of the grounds of the motion, except the general grounds, complain of alleged errors committed by the court in its charge to the jury. The court overruled the motion, and the defendant excepted.

*Minter Wimberly* and *Akerman & Akerman,* for plaintiff in error.
*J. K. Hines, T. W. Hardwick,* and *J. E. Hyman,* contra.

BECK, J. (After stating the facts.)

1. Several grounds of the motion for a new trial in this case embraced lengthy extracts from the court's charge, which contained a statement of the respective contentions of the plaintiff and defendant; and the complaint made in the grounds of the motion referred to is that those portions of the charge were argumentative and presented with too much stress and detail the contentions of the plaintiff, and ignored and minimized the contentions of the defendant. But upon a reading of the entire charge, it will appear that the judge fairly stated the contentions of each side. While it is undoubtedly true that the contentions of the plaintiff were stated more at length than those of the defendant, it can not be inferred from this fact that undue stress was laid upon or undue prominence given to the contentions of the former. In the first place, the contentions, so far as appear from the pleadings of the plaintiff, are set forth fully and distinctly in his petition, properly paragraphed, and the defendant contented itself, as it had a right to do, with a bare denial of the allegations in the petition. If the plaintiff's case requires a full, definite, and affirmative allegation of certain facts, and the defense to the cause of action as stated rests upon a mere denial of the allegations in the petition, and the trial judge sums up the contentions of both parties by a fair statement of the material allegations in the petition, and then states that these allegations are denied by the defendant, how can it be said that he has failed to state the contentions of either party? But in the case at bar the judge, after setting forth in his instructions to the

jury the affirmative allegations in the petition, went further and gave in substance the contentions of the defendant as developed in the trial of the case; and it would seem that if the defendant had desired a more elaborate statement of its contentions, a timely written request therefor should have been offered. In the case of *Atlanta Con. St. Ry. Co.* v. *Bagwell,* 107 *Ga.* 157, it was said, "In the sixth ground of the motion for a new trial, complaint is made that the court erred in its charge in stating specifically the contentions of the plaintiff, as set out in the declaration, and in regard to the contentions of the defendant merely charged that 'You will also have the answer of the defendant company, and you can look to that for its contentions.' While the contentions of both parties should be stated by the court to the jury with equal fullness and fairness, yet in this case we do not think the plaintiff in error has any just cause of complaint in this respect, as the court in its charge fully, fairly, and correctly stated the law applicable to every issue in the case. Moreover the answer of the defendant was simply a denial of the allegations in the declaration." And in the case of *Central Ry. Co.* v. *McKinney,* 118 *Ga.* 535, it was held that "The really important thing is for the judge to give the jury clearly and fairly the law applicable to the issues involved; and if he does this, his failure to formally state the contentions as shown by the pleadings will not, as a general rule, be cause for a new trial."

Nor were the portions of the charge above referred to open to the criticism that they were argumentative, and contained expressions of opinion by the court as to the evidence upon any of the issues involved in the case.

Complaint is also made that the court erred in charging the jury as follows: "On the other hand, the defendant, the Macon, Dublin & Savannah Railroad Company, contends that the plaintiff was in the employment of the company, and was injured by an engine on the track of the defendant company." The assignment of error upon this charge is that "said charge is erroneous, because it does not state contentions of the defendant, but on the contrary states contention of the plaintiff, and because it was calculated to mislead the jury." It is fair to say of this portion of the court's charge, that it seems to have been a mere inadvertence; certainly it is not such a material error as to authorize the grant of a new trial. It could not have misled the jury in respect to any issue involved;

for that the plaintiff was in the employment of the defendant company and was injured by an engine on its track was clearly established by the uncontradicted testimony in the case.

2. The court gave the following instructions to the jury.: "If you believe from the evidence that the defendant was guilty of negligence, and the plaintiff by the exercise of ordinary care and diligence could have avoided the consequence of such negligence on the part of the defendant company, then I charge you that the plaintiff in this case would not be authorized to recover." And error is assigned upon the court's giving the charge just quoted. Authority for the doctrine here stated can be found in the case of *Central of Ga. Ry. Co.* v. *McClifford,* 120 *Ga.* 90, and in the reasoning of the learned Justice who delivered the opinion, as well as in the cases there cited. In the *McClifford* case it was said, "Complaint is made that the judge charged the jury that the plaintiff was bound to the exercise of ordinary care; it being contended that as he was an employee he was bound to the exercise of extraordinary diligence. There was no error in this charge. The degree of diligence which the law requires of an employee in ordinary diligence only." There may be some conflict in the decisions on the subject of the negligence of a railroad employee which will bar a recovery; but it is unnecessary to discuss them here, for, even if the use of the words, "ordinary care and diligence," might have tended to mislead the jury and cause them to test the conduct of the plaintiff under the circumstances of the present case by too low a standard of care and diligence if nothing further had appeared in the charge in reference to the employee's duty to exercise due diligence and care, the wrongful impression made was no doubt changed and corrected by other portions of the court's charge wherein they were instructed that before the plaintiff would be entitled to recover, it must appear that he was himself free from fault. We do not think that the error, if any, complained of in this ground of the motion for a new trial was hurtful or prejudicial to the defendant, in the light of the entire charge.

3. One ground of the motion assigns error upon the following charge of the court: "If you determine from the evidence in this case, gentlemen, that the plaintiff is entitled to recover damages, and you further find from the evidence that he suffered pain and suffering, you can look to the evidence and determine what amount

he would be entitled to for pain and suffering, and you can add this amount to such sum as you find he is entitled to for damages, if you find that he is entitled to damages." In a subsequent ground of the motion another extract from the court's charge, in substantially the same words, is also excepted to. The criticisms made upon this portion of the charge are, in substance, that it incorrectly states the measure of damages and the manner of arriving at the amount of damages; that it instructs the jury that they can add whatever amount they may find that the plaintiff is entitled to recover for pain and suffering to the whole sum he is entitled to recover as damages; that the phrase, "such sum as you find he is entitled to for damages," includes every element of damages the plaintiff is entitled to recover, and the jury could not add to this amount damages for pain and suffering; and that said charge, in effect, instructs the jury that after they have ascertained the amount of damages the plaintiff is entitled to recover, they can add to this amount a sum for pain and suffering, not as damages, but as a penalty. Judged merely by the verbiage of these extracts from the charge, the criticism is well grounded; but after an examination of the entire charge which we find in the record, we are of the opinion that the jury were not misled. We have reached this conclusion upon an examination of that portion of the charge wherein the court instructs the jury as to the measure of damages, and the use of the mortality and annuity tables. The examination of that portion of the charge shows, and it must have been so understood by the jury at the conclusion of the charge, that by the word "damages" the court meant pecuniary damages resulting from diminished earning capacity; and the jury were, in effect, instructed that if they should determine from the evidence that the plaintiff was entitled to recover, and should further find that he suffered pain and suffering, they could look to the evidence and determine what he would be entitled to for pain and suffering, and that they could add this amount to such sum as they should find he was entitled to as pecuniary damages resulting from impaired or diminished earning capacity. While pain and suffering were, of course, a part of the damages sustained by the plaintiff, the court's charge was so framed and worded that when the expression, "such sum as you find he is entitled to for damages," and other similar expressions containing the word "damages" were employed, the jury must, in

the light of the entire charge, have understood the word to have the import and meaning which we have indicated above. They were in effect instructed to add that part of the damages which the plaintiff was entitled to recover for pain and suffering to that which he was entitled to recover for impaired or diminished earning capacity. The plain meaning of the entire charge was that the jury should add together all the parts, and make the whole, and not that to the whole they should add a part already included in the whole. See, in this connection, the case of *S., F. & W. Ry. Co.* v. *Ladson,* 114 *Ga.* 762.

5. The court was requested in writing to charge the jury as follows: "When an employee of a railway company has his choice of two ways in which to perform a duty, the one safe, and the other dangerous though convenient, he is bound to select the safe method; and if, having such choice, he chooses the dangerous method and is hurt by the railroad company, he can not recover." The court did not err in refusing to give this charge. It was not a correct statement of the law in that it omits any reference to the employee's knowledge of the existence of the two ways, one of which is safe. A request to charge should in itself be correct, and even perfect; otherwise the refusal to give it will not be cause for a new trial. *Etheridge* v. *Hobbs,* 77 *Ga.* 531. Upon the employee's knowledge of the fact that there were two ways might depend the other material question as to his negligence in the choice of ways.

6. No error committed by the court in his charge is shown in any of the grounds of the motion. The evidence authorized the verdict, and the court did not err in overruling the motion.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*