LOCKWOOD *v.* MUHLBERG, executor.

</div>

LUMPKIN, J.  1. The only ground of the motion for a new trial relied on was as follows: "The court erred in refusing to permit plaintiff to introduce in evidence the fact that on the first trial of this case, after the conclusion of the plaintiff's evidence, the defendant introduced an ordinance of the City of Savannah, allowing pawnbrokers to charge ten per cent. per month interest on a dollar on sums less than $25, whereupon the court, on motion of the defendant, directed a verdict; said refusal to permit this evidence to be introduced being error, in that it eliminated from the consideration of the jury a legitimate means of throwing light upon the interpretation of the word 'charges' as used in the contract, and thus assist them to determine whether the use of that word was a blind for usury or interest, and was merely a ruse or device to evade the usury laws, said meaning of the word ' charges,' and the bona fides of its use in the contract, being a material issue in the case, and the fact that on the previous trial, under the same facts, the defendant confessed the word to mean 'interest,' and sought to escape under the ordinance, was material assistance to the jury, and its exclusion was error, prejudicial to the plaintiff." *Held*, that, under previous rulings of this court, such ground did not raise with sufficient distinctness a question for determination by a reviewing court, it being merely stated that the presiding judge refused to allow the movant to introduce "a fact" in evidence, without stating that any evidence was offered for the purpose of proving such fact, or of what such evidence consisted, or whether it was oral or documentary or both, or that any particular evidence was offered and excluded. *Hendrick* v. *Davis,* 27 *Ga.* 167 (73 Am. D. 726) ; *Atlanta Consolidated Street Railroad Co.* v. *Bagwell,* 107 *Ga.* 158 hn. 8 (33 S. E. 191) ; *Griffin* v. *Henderson,* 117 *Ga.,* 382 (43 S. E. 712) ; *Allen* v. *Kessler,* 120 *Ga.* 319 (47 S. E. 900) ; *Bowden* v. *Bowden,* 125 *Ga.* 107 (53 S. E. 606) ; *Morris* v. *State,* 129

*Ga.* 434 (59 S. E. 223); *Sims* v. *Sims*, 131 *Ga.* 262 (62 S. E. 192); *Sanders* v. *Central Ry. Co.*, 123 *Ga.* 763 (51 S. E. 728).

2. While there are incorporated in the brief of evidence, in connection with the cross-examination of a witness, certain recitals as to the witness being interrogated on the subject of the occurrences at the last trial, objections to the evidence, arguments of counsel, and the ruling of the court, such recitals form no proper part of the brief of evidence, and can not be considered as authenticating the facts stated. The motion for a new trial, not the brief of evidence, must show the ruling of the court of which complaint is made. *Central of Georgia Ry. Co.* v. *McClifford*, 120 *Ga.* 90 (47 S. E. 590); *McComb* v. *Hines*, 123 *Ga.* 246 (51 S. E. 300). *Judgment affirmed. All the Justices concur.*

Argued January 14,—Decided April 17, 1909.

Trover. Before Judge Charlton. Chatham superior court. April 14, 1908.

*Twiggs & Oliver*, for plaintiff.

*Osborne & Lawrence*, for defendant.