### 10337.    CARSON *v.* THE STATE.

BROYLES, P. J.    1.    The first and second special grounds of the motion for a new trial (grounds 4 and 5) being so incomplete within themselves as to require a reference to each other and to the brief of the evidence, to ascertain the errors complained of and their materiality, under repeated rulings of the Supreme Court and of this court these grounds can not be considered.

2.    Under the facts of the case the court did not err in charging the jury upon the law of assault with intent to murder.

3.    The ground of the motion for a new trial which complains of the admission of certain documentary evidence can not be considered, as the evidence is not set forth in the ground, either literally or in substance, or attached thereto as an exhibit.    *Gaskins* v. *State,* 17 *Ga. App.* 807 (2) (88 S. E. 592).

4.    The verdict was authorized by the evidence, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Bloodworth J., concurs. Stephens, J., concurs specially.*

DECIDED APRIL 4, 1919.

Indictment for assault with intent to murder; from Butts superior court—Judge Searcy.    January 11, 1919.

Squire Carson was convicted under an indictment which charged that he shot at J. E. McNair and C. E. Maddox with intent to murder them.

The grounds of the motion for a new trial referred to in paragraph 1 of the dicision are as follows:

"Fourth: Movant contends that the court erred in admitting the following testimony in the case for the consideration of the jury: W. H. Barnes, a witness for the State, testified as follows: 'On the night that Squire Carson had trouble with Mr. McNair and Mr. Maddox, I heard the shooting. After the shooting I heard some talk. I was at the city barracks. I am night-watchman for the Farmers' Union Warehouse.' The solicitor-general asked the following question: 'What did you hear him say?' The defendant objected to the answer, on the ground that it was after the shooting and not a part of the res gestæ and he was under arrest at

the time; it was 25 minutes after the trouble. The court over-ruled the objection; to which ruling the defendant then and there excepted and here and now excepts and assigns the same as error. The witness answered as follows: 'When we went to take him out of the wagon McNair went around the wagon and said, "We will take him to the station-house." '

"Fifth: The witness W. H. Barnes testified as follows, over the objections of defendant's counsel: 'He said, "Get away from here, you damned son of a bitch, or I will kick you in the face." ' Movant moves to rule out the above testimony, for the reason that it was irrelevant and illustrates no issue in this case, and is offered in evidence only to prejudice the minds of the jury, and is not a part of the res gestæ; which objection and [motion] to rule out said testimony was overruled by the court; to which ruling the defendant then and there excepted and here and now excepts and assigns the same as error."

*O. M. Duke,* for plaintiff in error.

*E. M. Owen, solicitor-general,* contra.

STEPHENS, J. I concur in all but the ruling announced in the first paragraph of the decision. I am of the opinion that the first and second special grounds of the motion for a new trial are complete within themselves, but possess no merit. I therefore concur in the judgment of affirmance.