## 11914.  TERRY SHIPBUILDING CORPORATION *v.* GREGORY.

1. The evidence warranted a finding that the discharge of the plaintiff from employment was wrongful, and that the defendant was liable to him in the amount sued for.
2. A ground of the motion for a new trial as to the admission of certain documentary evidence not set forth in the ground and not attached to it as an exhibit will not be considered.
3. Refusal to permit a witness to testify as to a certain matter is not cause for a new trial where it is not shown what he would have testified or was expected to testify as to the matter if he had been allowed to do so, nor unless it appears that the party complaining of such refusal offered the testimony or asked that it be admitted, nor unless the court was informed of what it was proposed to prove by the witness. It should appear that such testimony was material and would have benefited the complaining party.
4. A ruling favorable to a party affords no ground for exception by him.
5. No expression or intimation of opinion as to what had been proved was made by the judge in ruling as to the admissibility of the letter introduced in evidence.
6. A definition of " preponderance of evidence " was not necessary in the charge of the court, in the absence of a request.
7-10. The charge of the court was full and fair and was not subject to the exceptions taken.

DECIDED MARCH 9, 1921.

Complaint—appeal; from Chatham superior court—Judge Meldrim.  August 10, 1920.

Gregory was discharged from the employment of the Terry Shipbuilding Corporation, and sued the corporation for $100, as salary from April 15, 1919, the date of leaving the defendant's employment, to May 1, 1919. The defense pleaded is set out in substance in the following opinion. The plaintiff obtained a verdict for the amount sued for; and, the defendant's motion for a new trial being overruled, the movant excepted.

1-5.  As to those grounds of the motion for a new trial which precede ground 12 it is not necessary to add to what is said in the

decision. In ground 12 complaint is made as to language of the trial judge in regard to a letter from the plaintiff to the defendant's superintendent, Secknicka, dated after notice of the plaintiff's discharge, the contents of which are not set out in the motion. The judge said: " I will admit this letter. It appears that it required an answer and contains a statement which, if found true, the defendant had an opportunity to deny." It is alleged that this constituted an expression of opinion favorable to the plaintiff's side of the case, and was confusing and misleading to the jury, in that it imposed upon the defendant an obligation of answering a letter which called for no reply.

6. It is complained that the court charged the jury that the burden was on the plaintiff to show, to the satisfaction of the jury and by the preponderance of the evidence, that he was wrongfully discharged, " without explaining what was meant by ' preponderance of the evidence, ' and without furnishing to the jury any guide or test by which to determine where the preponderance lay or how the preponderance was to be determined."

7-10. The charge of the court, after stating contentions of the defendant at length, and instructing the jury as to the burden on the plaintiff, proceeded as follows: " On the part of the servant (the plaintiff in this case) there is an implied obligation to enter the master's service and serve him diligently and faithfully, to obey all his reasonable commands, treat him respectfully, and to perform the duties incident to his employment honestly, with ordinary care and due regard to his master's interest and business, and that he is competent to discharge the duties for which he is employed, that he possesses the requisite skill, and that there is nothing that unfits him physically or mentally for the duties incident to his employment. "

The court then gave the following instruction, which is alleged to be error: " In order to justify a master in discharging a servant, the servant must have been guilty of conduct that amounts to a breach of some express or implied provision of the contract of hiring. Anything less than that will not amount to a legal justification or excuse. " It is contended that the court erred in so charging " without anywhere in the charge pointing out ·to the jury what would have constituted such a breach of contract, in the light of the contentions made in defendant's plea. "

The court then gave the following instructions which are complained of: " The question as to whether the master has waived a breach of contract by the servant by retaining him in service after knowledge of such breach is a question of fact for the jury. Prima facie it is a waiver, and a condonation is presumed; but, if there are circumstances shown that tend to establish a reasonable or proper excuse for delay, it is for the jury to say whether in fact the breach was condoned. If, however, such breach has been in fact condoned, it cannot subsequently be relied on by the master to discharge the servant from the master's service. " It is alleged that these instructions were inapplicable to the issues in the case and not warranted by the pleadings or the evidence, and were argumentative and calculated to impress the jury with the idea that the court favored the plaintiff.

The charge proceeded as follows: " If you find that the plaintiff was incompetent, then the master would have the right to have discharged him. If you find that the plaintiff made false representations as to his qualifications, and that the master acted upon those misrepresentations and took the plaintiff into his employment, and when he found that he, the plaintiff, did not possess those qualifications, the defendant discharged him on that account, then the plaintiff could not recover. "

The court then gave the following instruction, which is complained of: " But if you find that the plaintiff entered the service of this defendant company under a contract, and if, because of the fact it suited the convenience of the company to change its business, or if, for any other reason not growing out of the fault of the plaintiff, it saw fit to discharge the plaintiff from its service, you would be authorized to find that there was a breach of the contract of hiring, and then you would determine what damages, if any, the plaintiff has sustained by reason of the breach of that contract, and you would be authorized to find a verdict for that amount. " It is alleged that this instruction " contained an intimation to the jury that the defendant company had changed its business and discharged the plaintiff from its service for that reason, there being no pleadings or evidence on which to properly predicate such a charge; " that the court did not in this instruction, or elsewhere in the charge, give any rule or measure by which to determine what damages, if any. the plaintiff sustained by

reason of his discharge; and that the court did not in this instruction, or elsewhere in the charge, point out to the jury, on the question of damages, that the defendant would be entitled to a credit or offset against plaintiff's damages for whatever amount the plaintiff earned in other employment or might by proper application and due diligence have earned in other employment from April 15 to May 1, 1919, the period of time involved in the suit.

The charge proceeded as follows: " If, on the other hand, the representations made were false, or the man was incompetent, or for any of the reasons set out in this plea this defendant, the master, was justifiable in discharging the plaintiff, then your verdict should be for the defendant. Look and see what the contract of hiring was; see whether or not there was a breach of that contract upon the part of the defendant, and what damages, if any, the plaintiff has sustained. If you find that the contract was made, and you determine there was a breach of that contract by this defendant, and you find that the amount of damages was fixed, or you can ascertain them from the evidence, then you would be authorized to find for the plaintiff. If, on the other hand, you find that the plaintiff in this case made false representations, and that this defendant, upon finding that the representations were false, discharged him, and if that was the reason of this discharge, or if, for any other good reason set out in this plea, this company, exercising its right to discharge him, was justified in discharging him, then your verdict should be for the defendant."

*Hitch & Denmark,* for plaintiff in error.

*Edwards & Lester,* contra.

PER CURIAM. 1. In this case the plaintiff sued for $100, alleged to be due as salary for a time extending from April 15, 1919, to May 1, 1919. The plaintiff contended, and adduced evidence to show, that he was employed by the defendant to work for it from October 14, 1918, to October 14, 1919, for a salary of $2,400 a year, his salary being paid semi-monthly, and that he was discharged and was paid nothing after April 15, 1919. The defendant contended that the contract of employment terminated on April 15, 1919, that the plaintiff had done no work for it since that date, and was due no pay. It pleaded also that the discharge

was justified, in that he had been employed to work in its ship-yard upon representations by him that he was perfectly competent to perform the duties to which he was assigned, whereas he proved to be incompetent. It further pleaded that he was contentious, opinionated, egotistical, and incapable of working harmoniously with those around him; that he was shifted from one department to another, but manifested the same characteristics as before; that he fought with one employee, was so disagreeable that the head of the second department in which he worked resigned, and that he was such a source of discord among the other employees that it was necessary to discharge him. Though conflicting, the evidence was sufficient to sustain the plaintiff's contentions, and this court cannot set aside the verdict.

2. The 4th ground of the amendment to the motion for a new trial, complaining of the admission of certain documentary evidence, cannot be considered, as the evidence is not set forth in the ground or attached to it as an exhibit. *Carson* v. *State,* 23 *Ga. App.* 535 (3) (98 S. E. 817).

3. Refusal to permit a witness to testify as to a certain matter is not cause for a new trial where it is not shown what he would have testified or was expected to testify as to the matter if he had been allowed to do so, nor unless it appears that the party complaining of such refusal offered the testimony or asked that it be admitted, nor unless the court was informed of what it was proposed to prove by the witness. It should appear that such testimony was material and would have benefited the complaining party. This court therefore will not consider grounds of the motion for a new trial in this case which complain that "the court erred in refusing to permit" a named witness "to testify what kind of man he found the plaintiff to be," or "to testify as to the impressions derived by him as to the plaintiff with respect to his employment, from information given him" by a named person, and similar grounds which appear in the motion. See the opinion of Justice Lamar in *Griffin* v. *Henderson,* 117 *Ga.* 382 (43 S. E. 712). See also *Morris* v. *State,* 129 *Ga.* 434 (59 S. E. 223); *Lowe* v. *Burden,* 22 *Ga. App.* 679 (1) (97 S. E. 106); *Carson* v. *State,* 22 *Ga. App.* 744 (7), 745 (97 S. E. 202); *Kimbrel* v. *State,* 24 *Ga. App.* 696 (101 S. E. 920).

4. The 11th ground of the amendment to the motion for a

new trial is without merit, since the ruling therein complained of was in favor of the plaintiff.

5. The 12th ground of the amendment to the motion for a new trial is defective, because it complains of the admission in evidence of a certain letter, but the letter is not set forth in the ground or attached thereto as an exhibit.

(a) The statement of the court made while ruling upon the admissibility of this evidence did not amount to an expression or intimation of an opinion as to what had been proved in the case.

6. In the absence of an appropriate request, it is not error to fail to explain to the jury the meaning of " the preponderance of the evidence. " *Seaboard Air-Line Ry.* v. *Randolph,* 136 *Ga.* 505 (4) (71 S. E. 887).

7. The charge of the court substantially set out the contentions of the plaintiff in error as contained in its plea, and the assignment that it did not do so is without merit.

8. The charge was not subject to the criticism that it failed to apply the law to the particular facts in the case.

9. Viewing the charge as a whole, it was not objectionable because of failure to charge more fully what constituted a breach of a contract on the part of the defendant in error, there being no request for such instructions.

10. The charge of the court was full and fair, and not subject to any of the criticisms of it made in the motion for a new trial. For no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke and Bloodworth, JJ., concur.*