### 30323. ERGLE v. DAVIDSON.

GARDNER, J. 1. (a) The motion to dismiss the writ of error, on the ground that there is no sufficient assignment of error, is not meritorious, as there is enough in the bill of exceptions and the record together to enable the court to ascertain the real question to be decided. Code, § 6-1307.

(b) This case has been here before. *Ergle* v. *Davidson,* 69 *Ga. App.* 102 (24 S. E. 2d, 810). The pleadings are the same now as then. Mrs. J. F. Davidson sued S. R. Ergle for injuries which she alleged she received at the defendant's place of business, known as S. R. Ergle Beauty Shop. She alleged that she entered defendant's place of business as a customer for the purpose of receiving a permanent wave; that during the process she received burns on her scalp which resulted in much loss of her hair,

in addition to pain and suffering. The acts of negligence set forth are: "(1) In failing to properly wrap and fit the coils of said permanent-wave machine to the plaintiff's head. (2) In failing to properly encase the said coils to prevent the heated fluid, and steam therefrom, which was applied to plaintiff's hair, in preparing her for said permanent-wave machine, from escaping and burning the plaintiff's scalp. (3) In failing to properly encase the said coils to prevent the heat from escaping and burning the plaintiff's scalp. (4) In failing and refusing to cut the said machine off, upon complaint from the plaintiff that her scalp was being burned." The defendant answered with only a general denial. The first special ground contends that the court committed reversible error in failing, without a request, to charge the jury that the defendant was not an insurer. See *York* v. *Stonecypher*, 181 *Ga.* 435 (182 S. E. 605); *American Surety Co.* v. *Smith*, 55 *Ga. App.* 633 (191 S. E. 137). The record fails to reveal contention during the trial that the defendant was an insurer. The court charged: "The plaintiff must prove to your satisfaction, before you would be authorized to bring any verdict in her favor that she was burned, that the cause of the burn, the proximate cause, was the negligence of the operator of the machine as outlined in the plaintiff's petition, and that as a result of this injury she was damaged as contended. . . Now, on the other hand, if she has failed to prove her case as laid, or if you believe it has been established by the defendant that the defendant was not negligent, or if you find that the injury was due to an accident, if there was an injury, in either of those events you would bring in a verdict for the defendant." This ground is without merit.

(c) The second special ground excepts in a general way to the following sentence in the charge: "Negligence is the omission of diligence in the actual conduct of men in their affairs." Should we concede this to be a proper assignment of error, when viewed in the light of the entire charge, it has no merit. *Bohler* v. *Owens*, 60 *Ga.* 186, 188.

(d) It is contended in the third special ground that the following charge is error: "Gentlemen, I charge that the standard of care and diligence required by law of both plaintiff and defendant is the same, and it is the care and diligence which every prudent man takes of his own property of a similar nature, or that care and diligence which every prudent man would exercise under similar circumstances and like surroundings." The first ground of exception is that the court used the word "every" prudent man, instead of an "ordinarily" prudent man, and thereby put a greater burden on the defendant than the law requires. It may be true that under the Code, § 105-201, this was literally an inaccurate expression, but under the facts of the case and the entire charge, we are convinced that it was harmless and does not require a reversal. See *Sanders* v. *Central of Georgia Railway Co.*, 123 *Ga.* 763 (4) (51 S. E. 728), wherein the court said: "On the trial of an action brought by an employee against a railway company, for personal injuries alleged to have been caused by the negligence of the company, the court charged the jury as follows: 'Ordinary care and diligence is that care and diligence which every prudent man takes under the same or similar circumstances. You are to judge of the conduct, the diligence, the negligence,

and the acts of the plaintiff and the defendant in this case by that rule.'
. . The court did not express an opinion to the effect that the plaintiff was negligent any more than that he was diligent; the instruction meant that the jury should judge of (i. e. concerning) the conduct, the diligence, the negligence and acts of both parties by the application of the rule given." See *Goodwyn* v. *Central of Ga. Railway Co.*, 2 *Ga. App.* 470 (4, 5) (58 S. E. 688).

(e) The remaining special grounds complain because the court charged: "That it is the duty of anyone to avoid another's negligence. In failing to do so they are guilty of contributory negligence. If the other's negligence is apparent to them, that is to say, if the plaintiff in this case became aware of any negligence on the part of the defendant, or rather if she became conscious of any negligence on the part of the defendant and failed to take means to prevent it, to avoid the consequences of the other's negligence after such negligence became apparent, and if her contribution to her hurt would amount to the proximate cause of injury, then of course she should not recover. However, if it is not apparent that the defendant was negligent, and if it is not apparent to the plaintiff, then she could not be called upon to avoid that which was not apparent, or would not be apparent to a reasonable mind." It is contended that this charge was not adjusted to the facts, was not a correct statement of the law, and the court should have gone further in that connection and charged that the defendant was not an insurer of the safety of the plaintiff. As to the contention that the defendant was not an insurer, we have hereinbefore held that the failure so to charge was not error. The other contentions are without merit.

2. As to the general grounds, the evidence amply sustains the verdict and would sustain a much larger amount than the jury returned. The undisputed evidence shows that the injury was occasioned by the negligent adjustment of the hair to the permanent-wave machine, and that but for such negligence the injury would not have occurred. The contention that the plaintiff, after the negligence became known to her, failed to exercise ordinary care for her own safety, was a jury question which was resolved against the defendant. The charge as a whole, under the pleadings and the evidence, was full and adjusted to the case. The court did not err in overruling the motion for any of the reasons assigned. *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED FEBRUARY 29, 1944.

*William K. Miller, Starkey S. Flythe,* for plaintiff in error.
*Hammond, Kennedy & Yow,* contra.